25099, 25100.   HARRISON, Chairman, et al. v. TUGGLE et al.; an vice versa.

ARGUED MARCH 10, 1969—DECIDED MARCH 20, 1969— REHEARING DENIED APRIL 3, 1969.

George P. Dillard, Herbert O. Edwards, Robert E. Mozley, for appellants.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, George B. Haley, Jr., Charles L. Weatherly, for appellees.

NICHOLS, Justice. ■ The trial court correctly struck the "second defense" filed by the defendants. The effect of such plea was to allege a "catchall" zoning classification which would be applicable to the plaintiffs' property if the "single family residential R-85" zoning was declared void. The "catchall" classification quoted in the pleadings is by its terms applicable only where an area of the county is not shown on the zoning map of the county and would have no application to an area shown on the zoning map but zoned in an arbitrary and unreasonable manner so as to be void.

■ A motion for summary judgment is properly granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Ga. L. 1966, pp. 609, 660 (Code Ann. § 81A-156 (c)).

In the present case the question to be decided is whether the property is reasonably suited for "single family residential R-85" and if not, is it reasonably suitable for any purpose other than a shopping center. This is a question of fact which must be decided from evidence. City of Acworth v. Western & A. R. Co., 159 Ga. 610 (3) (126 SE 454). Witnesses may proceed to answer such question as a "fact" yet in the final analysis it is the witnesses' opinions that are being expressed. An expert may give his opinion merely because he is an expert (Code § 38-1710), and any witness may give his opinion if he testifies to the facts on which such opinion is based (Code § 38-1708), but in no case where the facts are before the trior of facts can it be said that a judgment is demanded as a matter of law based upon the opinions expressed, for the trior of facts may arrive at a different

conclusion based upon the evidence introduced and is not bound by the opinion testimony. See *Alabama Great Southern R. Co. v. McKenzie,* 139 Ga. 410 (3) (77 SE 647, 45 LRA (NS) 18); *Hubbard v. Rutherford,* 148 Ga. 238 (1) (96 SE 327). Nor, upon proper objection, is opinion testimony admissible where the facts and circumstances can be fully presented to a jury and the jury is readily able to form a conclusion thereon. See *Harris v. State,* 188 Ga. 745, 747 (4 SE2d 651), and citations.

While opinion evidence adduced by the respondent is sufficient to preclude the grant of a summary judgment (see *Word v. Henderson,* 220 Ga. 846 (142 SE2d 244)), it does not follow that the introduction of opinion evidence by the movant will authorize the grant of a summary judgment, since no burden is upon the respondent to rebut the movant's case until the movant has first removed, by his affidavits, admissions, interrogatories, etc., all jury questions from the case. See *Massey v. National Homeowners Sales Service Corp.,* 225 Ga. 93, 99 (165 SE2d 854); *Childs v. Lee,* 224 Ga. 609 (163 SE2d 726).

When this case was previously before this court it was held that the petition was not subject to a motion to dismiss for failure to state a claim. Under such a holding even if it is established as the law of the case that if the plaintiffs prove their case as laid a finding for them would be authorized, (but see *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246), certiorari denied), it does not follow that the mere proving of the facts alleged in the petition would demand a finding of the ultimate conclusion that the property is only suitable for purposes permitted in a "local commercial district C-1," so as to authorize the grant of a summary judgment, and the issuance of a mandamus absolute requiring the issuance of a building permit, etc. See also *Ginn v. Morgan,* 225 Ga. 192.

Under the above ruling the judgment granting the plaintiffs' motion for summary judgment must be reversed and the questions presented by the cross appeal, and which relate solely to the motion for summary judgment, are deemed moot and need not be passed upon.

*Judgment on the main appeal affirmed in part; reversed in part. Cross appeal dismissed. All the Justices concur.*