25087. GINN, by Next Friend v. MORGAN et al.

Submitted March 10, 1969—Decided March 20, 1969.

*Aaron Kravitch*, for appellant.

*Z. Vance Dasher*, for appellees.

Duckworth, Chief Justice. We have here two matters that should be settled to wit: (1) When does the law allow a summary judgment, and (2) can mere opinion evidence ever warrant a summary judgment? The statute (*Code Ann.* § 81A-156

(c); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) states it is intended that summary judgment issue only when there is no issue of fact and the moving party is entitled to judgment as a matter of law. This has been its construction. See *Crutcher v. Crawford Land Co.*, 220 Ga. 298 (138 SE2d 580); *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193); *General Gas Corp. v. Carn*, 103 Ga. App. 542 (120 SE2d 156); *Word v. Henderson*, 220 Ga. 846 (142 SE2d 244).

This inevitably leads to the question as to whether mere opinion evidence can show in such summary proceedings the presence or absence of facts. To answer this question we must give full weight to the rule that a *jury*, not a *judge*, may construe the facts upon which such opinion is based and reach a diametrically different conclusion to that reached by the witness. See *Code* § 38-123; *Choice v. State*, 31 Ga. 424; *Castleberry v. City of Atlanta*, 74 Ga. 164; *White v. Hammond*, 79 Ga. 182 (4 SE 102); *Baker v. Richmond City Mill Works*, 105 Ga. 225 (31 SE 426); *Alabama Great Sou. R. Co. v. McKenzie*, 139 Ga. 410 (77 SE 647, 45 LRA (NS) 18); *Hubbard v. Rutherford*, 148 Ga. 238 (96 SE 327); *Bowman v. Bowman*, 205 Ga. 796, 813 (55 SE2d 298); *Edwards v. Employers &c. Ins. Co.*, 219 Ga. 121, 124 (132 SE2d 39); *Massey v. National Homeowners &c. Corp.*, 225 Ga. 93, 98 (165 SE2d 854); *Atlanta Coca-Cola &c. Co. v. Burke*, 109 Ga. App. 53 (2) (134 SE2d 909). Further, opinion testimony is never so authoritative that the jury is bound to be governed by it. *Choice v. State*, supra. Thus, on opinion evidence alone, a summary judgment is not demanded as a matter of law, although such opinion evidence is always sufficient to make a jury issue. *Word v. Henderson*, 220 Ga. 846, supra. In fact, the jury's verdict is compounded of evidence, law and logic. *Mahone v. Bryant*, 56 Ga. 294; *White v. Hammond*, supra. Therefore, when, on summary proceedings, the judge is confronted only by opinion evidence, and he, under the law, is without authority to determine credibility of witnesses, we believe he should not enter judgment. For clearly, if he refuses judgment and the precise evidence is produced to the jury they can discredit the witness and decide to the contrary. Thus, we reach the solid conclusion that a summary judgment can never issue

based solely upon opinion evidence. In all such cases, the captains of decisions as to credibility of witnesses, the jury must decide the case. Admittedly the movant for summary judgment produced opinion evidence sufficient to authorize a jury to find in his favor, but on the other hand a jury might decide contrary to the precise conclusion of the witness. They might discredit the witness because of his acceptance of the facts he states as proof of the conclusion he reached.

Georgia has not forsaken the jury system which is the guardian of liberty and property by resolving issues of fact. Out of respect for the legislative department, we hold judicially that trial of all issues of fact by a jury was not intended to be abrogated by the summary judgment statute, supra. That Act is designed to serve a wholesome and just purpose, but that does not include exclusion of jury trial of all or any issues of fact. Who can decide that the factual basis of a nonexpert witness's opinion does not authorize his conclusion? A jury, unquestionably. Thus, at any angle one approaches the matter, there is a total absence of "no issue of fact," which is the only time when a summary judgment is authorized.

Had a jury found according to the affidavit of movant we could not reverse. But attorneys seem to have overlooked the fact that juries alone can resolve issues of fact, and this includes the credibility of witnesses, which includes the soundness of such witnesses' conclusions from the facts stated as a basis for their conclusions. We think the overriding and absolute conclusive fact is that the jury is still the arbiter of issues of fact, and the legislature neither intended nor in fact did alter the law requiring the jury to decide issues of fact. We conclude therefore that although the movant produced evidence in the form of conclusions to show no issue of fact, that evidence alone shows issues that a jury alone can decide, and it was error to enter the summary judgment based solely thereon. The respondent in the summary judgment proceeding is not ever required to rebut the motion until the movant has carried the burden of no material issue.

The summary judgment is a vital provision to accomplish its worthy and obvious objective, to avoid frivolous delays in judg-

ment, but it carefully preserved the province of a jury to decide issues of fact. We hold therefore, that even though the movant supported its motion by opinion evidence, summary judgment was unauthorized, because a jury might lawfully find that the conclusions were not authorized.

*Judgment reversed. All the Justices concur.*