44207. STATE HIGHWAY DEPARTMENT v. CHARLES R. SHEPHERD, INC.

ARGUED JANUARY 7, 1969—DECIDED APRIL 30, 1969—
REHEARING DENIED JUNE 27, 1969—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, John A. Sligh, Jr., Assistant Attorneys General,* for appellant.

*James W. Smith, Robert A. Blackwood,* for appellee.

QUILLIAN, Judge. 1. Ground 1 of the motion for summary judgment sets out that there is no genuine issue as to any material fact regarding paragraph 5 of the plaintiff's complaint. Paragraph 5 alleges: "There is due the plaintiff for the work performed under said contract as aforesaid the sum of thirty-nine thousand seventy-five and 74/100 ($39,075.74) dollars, which the defendant has failed and refused to pay." The defendant in its answer admitted that it was indebted to the plaintiff in the amount of $22,275.74 and tendered this amount to the plaintiff. Thereupon the parties stipulated that this amount had been paid to the plaintiff and that the plaintiff had accepted it; this money represented the indebtedness which the defendant admitted it owed the plaintiff. It was further stipulated that the plaintiff contended that the defendant was further indebted to the plaintiff. The defendant denied any further indebtedness.

The defendant contends that it did not owe the difference between the sum it tendered to the plaintiff and that amount claimed by the plaintiff, which was $16,800, since this amount was owed to the defendant as liquidated damages for the plaintiff's failure to complete the work on time. The Standard Specifications of the contract (which was also stipulated to by the parties) provided that for an original contract amount of $2 million or more, the amount of liquidated damages per calendar day would be $300. The contract was in excess of $2 million. The affidavit of the highway project engineer for the defendant related that he kept the time charges for the working days in conformity with the contract; that the actual contract time of 400 working days expired on June 9, 1969, that on June 10, he began charging liquidated damages on a calendar day basis and this continued until September 29, 1960; that the contractor was charged with 112 calendar days at $300 per day of liquidated damages, or a total of $33,600. The State Highway Engineer testified by affidavit that pursuant to his authority he reduced the charges against the contractor for the delays in completion of the project from 112 days to 56 days, and thus

the total of liquidated damages was $16,800. Since there was no proof adduced to counter that introduced by the defendant, it is clear that as a matter of law, the defendant pierced the allegations of paragraph 5 of the plaintiff's claim.

"When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580).

The trial judge erred in overruling Ground 1 of defendant's motion for summary judgment.

2. Ground 2 of the defendant's motion attacks paragraph 6 of the plaintiff's claim which provides: "Plaintiff shows that in addition to the work called for in the basic contract aforesaid, the defendant required of plaintiff, as provided for in said agreement, extra work of re-inforcing the subgrade, mixing and aerating the subgrade, correcting work erroneously staked by the defendant, undercutting and replacing unstable materials and performing drainage work, for which defendant paid plaintiff the sum of $353,894.18. Plaintiff incurred expenses in the amount of $392,500.78 in performing said extra work for defendant and, therefore, plaintiff is entitled to recover under said contract the sum of $38,606.60. Plaintiff notified the engineer in writing of its intention to claim such extra compensation before it began the work on which plaintiff bases its claim."

The defendant contends that under the terms of the contract in order to receive compensation for extra work the contractor must notify the Highway Department of the intention to claim extra compensation before he begins the work and must afford proper facilities to the project engineer for keeping strict account of actual costs; that unless these two prerequisites are accomplished the contractor waives the claim for extra compensation. The defendant urges that the contractor did waive

such claim because of the affidavit by the project engineer which stated: "I never received any claim, nor to my knowledge did the State Highway Department of Georgia, receive a claim because of alleged extra work of reinforcing the subgrade, mixing and aerating the subgrade, correcting work erroneously staked by the State Highway Department employees, or replacing unstable materials and performing drainage work, nor was I, or any other engineer employed by the State Highway Department of Georgia, afforded proper facilities by the contractor for keeping strict account of actual cost of work as required for force account agreements."

On motion for summary judgment, the proof offered is construed most strongly against the movant and in favor of the party objecting to the motion. "The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442). Giving the affidavit in question such construction, it is obvious that the statement by the project engineer is insufficient to negate the allegation that a claim was filed and the statement that no proper facilities were afforded does not deny that no facilities whatsoever were provided.

In *Harrison v. Tuggle*, 225 Ga. 211 (167 SE2d 395), the Supreme Court considered on summary judgment the question of whether property was reasonably suited for single family residential R-89 and reasonably suited for any purpose other than a shopping center. The court held that this was a question of ultimate fact which must be decided from the evidence by a jury and pointed out that a witness may proceed to answer such questions as a "fact, yet in the final analysis it is the witness's opinion that is being expressed." Where, as in that case, the question of ultimate fact to be determined is whether the Highway Department was afforded proper facilities by the contractor for keeping strict account of actual cost of the work, the witness's statement that he was not afforded proper facilities amounted to no more than a conclusion and his opinion as to whether such proper facilities were afforded within the meaning

of the contract. Thus, it would be subject to the rule that opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize a grant of a summary judgment. *Harrison v. Tuggle*, 225 Ga. 211, supra, and *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393). The question involved was for the jury and the trial judge properly overruled Ground 2 of the motion for summary judgment.

3. Ground 3 of the motion for summary judgment was made as to paragraph 7 of the plaintiff's claim. Paragraph 7 alleged that the monthly statement for the amount of yardage for materials consisting of unclassified excavation and borrow was 1,669,505.4 cubic yards. This figure represented the amount claimed by the defendant to be put in place by the plaintiff. The plaintiff alleged, as a matter of fact, that it put in 1,834,942 cubic yards of such material which it was necessary for the plaintiff to secure at 32½¢ per cubic yard; that under the terms of the contract, the defendant was indebted to the plaintiff in the sum of $53,766.89 for the additional 165,436.6 cubic yards of material put in place by the plaintiff which the defendant refused to pay.

The defendant contends that the original amount of 1,669,504.4 cubic yards was the actual amount furnished by the plaintiff and the plaintiff was not entitled to any additional sum. In support of this contention, the defendant proffered the affidavit of a senior engineering aid who stated that he was assigned to the project to take measurements and make cross-sections of unclassified excavations and borrow, that in the process of making these measurements and cross-sections, he measured the material in question and used methods authorized by the terms of the contract. His computation for the materials in question was 1,669,505.4 cubic yards.

Although arriving at this figure obviously involved mathematical computations, the statement by the engineering aid was fact and not opinion as discussed in the cases cited in Division 2. This was sufficient to pierce the allegations of paragraph 7 of the plaintiff's claim. The plaintiff having failed to rebut this evidence by counter-affidavits or otherwise, the trial judge erred in denying Ground 3 of the defendant's motion for summary judgment.

Summary judgment should have been granted relative to Grounds 1 and 3, but was properly denied as to Ground 2 of the defendant's motion.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Pannell, J., concur.*

### On Motion for Rehearing.

The State Highway Department contends there is no issue of fact regarding "extra work" since the work involved did not fall within the ambit of "extra work" which is defined as that which was unforeseen when the plans and specifications were prepared and for which no unit price was provided in the proposal. It is true that the plaintiff used the terminology "extra work." However, the thrust of plaintiff's complaint is that the Highway Department paid it $353,894.18 for certain described work which cost $392,500.78 and thus still owed it $38,606.60. This is further evidenced by the recurring thread running throughout letters contained in the record which showed the contractor disagreed with the engineer's estimate and claimed additional compensation for the work performed.

Of course, substance controls over mere nomenclature in pleadings. *Waller v. Morris,* 78 Ga. App. 821, 822 (52 SE2d 583), and *Chance v. Planters &c. Co-op.,* 219 Ga. 1, 5 (131 SE2d 541). Hence, however styled, what the plaintiff sought was the recovery of additional compensation for work actually performed but not allowed. We point out that Section 5.15 of the Standard Specifications does not relate to contractual "extra work" but provides "in any case where the contractor believes that extra compensation is due him for work or material not clearly covered in the contract or not ordered by the engineer as extra work" the contractor should make claim for this extra compensation.

With this in mind, we consider the principal contention made by the Highway Department in which it argues that the project engineer's opinion as to what was "proper facilities for keeping strict account of actual cost," was final and thus not subject to the rule in *Harrison v. Tuggle,* 225 Ga. 211, supra, and *Ginn v. Morgan,* 225 Ga. 192, supra. Under Section 5.01 of the Standard Specifications, the decision of the engineer

"shall be final on all questions related to the interpretation of the specifications and the plans and as to the acceptable fulfillment of the contract by the contractor." Since under Section 5.07 of the same Standard Specifications the engineer may delegate authority to certain subordinates, such as project engineers, it is urged that the project engineer had the same authority as the engineer and his decision as to what were "proper facilities" was final. See *State Hwy. Dept. v. Hewitt Contr. Co.*, 113 Ga. App. 685, 695 (149 SE2d 499).

Nevertheless, the question still remains as to whether the present issue is one susceptible to final adjudication by the engineer. Construing the contract most strongly against the scrivener, we hold it is not. It should first be pointed out that Section 5.01 of the Standard Specifications itself provides "that any decision of the engineer regarding contractual questions as distinguished from technical questions may be appealed to the Board by the contractor." Since under Section 5.15 of the Standard Specifications, the contractor agrees to waive his claim for extra compensation if the proper notification is not given and the engineer is not furnished with proper facilities, this language must be "contractual" rather than "technical." For, if the engineer's decision was final in such instance, the above provision would be meaningless.

Furthermore, Section 7.18 of the Standard Specifications regarding arbitration further delineates those areas in which the engineer's decision is final. The section in describing what the Arbitration Board might pass upon excludes various matters upon which the engineer's decision is final and then states it "shall have authority only to pass upon questions involving compensation to the contractor for work actually performed but not allowed by the engineer." Thus, it is apparent that questions as to compensation for work actually performed but not allowed are not finally determined by the engineer but instead are subject to arbitration and subsequent legal action. Here, there was proof offered that the plaintiff sought a sum which was not allowed and that the Highway Department refused to arbitrate. Hence, the plaintiff was entitled to "appeal to the courts" under Section 7.18 regarding the question at issue.

*Motion denied.*