44858. ELBERTON-ELBERT COUNTY HOSPITAL AUTHORITY v. WATSON et al.

EVANS, Judge. 1. The depositions and affidavits submitted on motion for summary judgment fail to demand a judgment in favor of the movant, but, on the contrary, set forth numerous and various conflicts as to the cause of the fire and the proximate cause of the injuries received when the plaintiff-husband was burned in the defendant's hospital. The record shows that he was a coronary patient who did not remember going to the hospital after he became sick, who had been under sedation, and was under heavy sedation at the time of the fire, was in an extremely weakened condition, and remembered only vague instances in regard thereto such as the flash of the fire. He testified that he was not instructed not to smoke (although a nurse deposed to the contrary); that he did not smoke in the hospital within his knowledge, and knew it was dangerous to smoke around oxygen, but that he did not recall what had happened except he saw "something just

disappear from his face"; that he "fell from the bed" as he remembered "falling"; but that the only thing he knew was that he "got burned." The wife testified the oxygen machine was extremely noisy, vibrated, and would run hot, and that he had been under oxygen for more than seven days; that the machine was hot enough to burn your feet, yet cold around the patient's head. While the opinion of the experts was that the machine was working perfectly and they could find no fault with it after the fire, yet on motion for summary judgment, this testimony cannot be the basis for granting judgment since a jury may completely discount it. See *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle*, 225 Ga. 211 (167 SE2d 395); *Truluck v. Funderburk*, 119 Ga. App. 734 (168 SE2d 657). But it has been held that opinion evidence may be sufficient to *preclude* the granting of a summary judgment. *Word v. Henderson*, 220 Ga. 846 (142 SE2d 244); *Harrison v. Tuggle*, 225 Ga. 211, supra. Thus, the cause of the fire and the proximate cause of the injuries remain in dispute, and in truth, even if the patient had set fire to himself by striking a match, it could be that the hospital was negligent in failing to properly observe the patient while under oxygen therapy. See *Emory University v. Shadburn*, 47 Ga. App. 643 (171 SE 192); *Tate v. McCall Hospital*, 57 Ga. App. 824 (196 SE 906); *Piedmont Hospital v. Anderson*, 65 Ga. App. 491 (3) (16 SE2d 90); *Hospital Authority of Hall County v. Adams*, 110 Ga. App. 848, 852 (140 SE2d 139); *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61, 64 (114 SE2d 517).

2. But it is also shown by affidavits of the party opposing the motion that he has an investigation under way which has not been completed, and he cannot present "by affidavit facts essential to justify his opposition," in which event the court is empowered to grant a continuance or may render such order as is just. *Code Ann.* § 81A-156 (f). However, since these affidavits and other testimony would be and are based on the opinions of experts, the court felt that it was unnecessary to wait thereon, hence the motion was denied on the evidence already submitted. The court did not err in denying the motion to strike these affidavits since it stated in a special order that it did not consider any irrelevant matter contained therein "which would not be admissible in evidence." The enumerations of error complaining of the denial of the motions to strike are not meritorious.

3. Judgments dismissing the main petition, or other sanctions, are authorized by the Civil Practice Act (*Code Ann.* § 81A-137; Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235); but the trial judge is given a broad discretion in applying sanctions to assure compliance. See *Williamson v. Lunsford*, 119 Ga. App. 240 (166 SE2d 622). However, with the compliance within seven days after the request for sanctions, the court apparently felt it unnecessary to grant them, and this court will not interfere with the broad discretion of the trial court in handling such matters. The enumeration of error based thereon is not meritorious. Compare *Hobbs v. New England Ins. Co.*, 212 Ga. 513 (2) (93 SE2d 653).

4. The motion to make the order more definite contains requests for information already obtained by depositions, other irrelevant, immaterial and argumentative matter, and other matter which is within the knowledge of the defendant. Hence the court did not err in denying said motion. In addition, the pre-trial hearing will afford defendant an opportunity for a determination of and simplification of the issues as to specific acts of negligence and the doctrine of res ipsa loquitur, on which plaintiffs are allegedly proceeding, if such be necessary. We find no merit in this enumeration of error complaining of the denial of this motion.

5. The petition as amended states a claim for the relief sought, and it was not subject to the motion to dismiss. *Emory University v. Shadburn*, 47 Ga. App. 643, supra; *Stansfield v. Gardner*, 56 Ga. App. 634 (193 SE 375).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED NOVEMBER 4, 1969—DECIDED FEBRUARY 11, 1970—
REHEARING DENIED APRIL 1, 1970.

*Grant & Matthews, William F. Grant, Eugene T. Harper*, for appellant.

*Telford, Wayne & Stewart, Jeff C. Wayne, J. Cleve Miller, Charles W. Stephens*, for appellees.