45154. JORDAN v. SCHERFFIUS et al.

JORDAN, Presiding Judge. This is an appeal from the grant of a summary judgment eliminating prenatal injuries as the cause of a child's death. The mother was injured in an automobile collision on May 10, 1968. The child was born on July 30, 1968, and died on October 12, 1968. The claimed cause of death is refuted by the uncontradicted medical opinion of the physician who delivered the child, who observed no evidence of prenatal injury, and another physician who examined the child after death and listed the cause of death as pneumonia on the death certificate, without the benefit of an autopsy.

*Opinion testimony of the ultimate fact to be decided in a case is never sufficient to authorize a summary judgment. Harrison v. Tuggle*, 225 Ga. 211 (167 SE2d 395); *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393); *Truluck v. Funderburk*, 119 Ga. App. 734 (168 SE2d 657); *Williams v. Melton*, 120 Ga. App. 466 (171 SE2d 318).

*Judgment reversed. Pannell, J., concurs. Eberhardt, J., concurs specially.*

ARGUED MARCH 3, 1970—DECIDED APRIL 21, 1970.

*Fortson, Bentley & Griffin, Herbert T. Hutto*, for appellant.
*Shoob, McLain & Jessee, C. James Jessee, Jr., M. David Merritt*, for appellees.

686

Eberhardt, Judge, concurring specially. It is probably true that the doctor applies his medical knowledge to the situation found and then expresses an opinion as to the affliction suffered or as to the cause of death. *Everett v. State*, 62 Ga. 65; *Hook v. Stovall, Dunn & Co.*, 26 Ga. 704 (6). But compare *Johnson v. State*, 69 Ga. App. 377 (1) (25 SE2d 584) and *Donley v. State*, 72 Ga. App. 429, 430 (33 SE2d 925) holding that a witness states a fact rather than an opinion when he testifies that a defendant was under the influence of intoxicating liquors. And see *Brown v. Sheffield*, 121 Ga. App. 383 (2a) (173 SE2d 891).

There is a certified copy of the death certificate in evidence which shows pneumonia to have been the cause of death. This makes a prima facie defense to the claim and there is nothing in the record rebutting it. *Code Ann.* § 88-1724 (c); *Woodruff v. American Mut. Liab. Ins. Co.*, 67 Ga. App. 554, 560 (21 SE2d 298); *Metropolitan Cas. Ins. Co. v. Reese*, 67 Ga. App. 628 (21 SE2d 455).

The cases cited in the majority opinion seem to sustain the result reached. But for them the summary judgment was proper under *Code Ann.* § 81A-156 (e). However, if the evidence remains the same on a trial of the case we apprehend that defendant would be entitled to a directed verdict, for in that event the plaintiff will have failed to make out her case and, additionally, the defendant will have made out a prima facie defense to the claim. There are instances when the grant of a summary judgment is inappropriate, although a directed verdict would be proper (*Southern Bell Tel. &c. Co. v. Beaver*, 120 Ga. App. 420 (3) (170 SE2d 737)), and this seems to be one of them.