46341.   McGLAMRY v. SMALLWOOD.

JORDAN, Presiding Judge. This is a malpractice action, here on appeal from the denial of summary judgment in favor of the defendant podiatrist.

The affidavit of the defendant, who operated on the plaintiff's feet to correct a painful hammertoe condition, provides details of his diagnosis and treatment, and his conclusion that he exercised his best skill, care, and judgment, in conformity with the standards prevalent in the practice of podiatry. The testimony of an orthopedic surgeon, whose deposition was taken by the plaintiff, discloses that he performed a subsequent operation on the plaintiff's feet to correct her deformity and to alleviate the painful condition which persisted after the first operation. He stated that generally one operation is sufficient to correct the condition, that in his opinion the podiatrist removed insufficient bone, and that because of the first operation further surgery was necessary in one area "to remove the sharpness of bone and smooth it up."

In *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318), this court affirmed the denial of summary judgment because the record disclosed that whether the defendant physician was negligent or acted in an ordinarily skilful manner depended ultimately on the evaluation of expert medical opinions. This was preceded by *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657), in which the court reversed the grant of a summary

judgment for the defendant physician, and both of these opinions rely on the general statement by the Supreme Court in *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395), not a malpractice case, that "opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize the grant of a summary judgment." Also, see *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Jordan v. Scherffius,* 121 Ga. App. 685 (175 SE2d 97). The present case is controlled by these rulings.

We do not regard the holding in *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196), as precedent for a contrary view. There the court was confronted with the unchallenged medical testimony of the defendant, which in the opinion of the majority disclosed facts from which the only possible inference was that he had used proper surgical procedures.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED JUNE 29, 1971—DECIDED SEPTEMBER 8, 1971.

*T. M. Smith, Jr.,* for appellant.
*Gettle, Jones & Fraser, Richard A. Gordon,* for appellee.