### 46805. LIFE & CASUALTY INSURANCE COMPANY v. MOORE et al.

JORDAN, Presiding Judge. This is an action to recover accidental death benefits under various insurance policies, and the controlling essential issue is the cause of death. It is here on appeal from the denial of a summary judgment. The defendant insurer, as the movant for summary judgment, sought to defeat the action by proving that the death on July 15, 1970, was not accidental within the policy definitions, relying on the affidavit of the attending physician and exhibits identified by the affidavit, consisting of his signed "Death Summary Note"

dated July 17, 1970, attributing death to "(1) Coronary Thrombosis. (2) Congestive heart failure. [and] (3) CVA [cerebral vascular accident]" and two death certificates which he signed, dated July 31, 1970, and April 29, 1971. While the first discloses "Head Injury" and "Falling out of auto" as underlying causes, the immediate cause being listed as "Coronary Thrombosis and CVA," the second relegates "Possible Head Injury from falling out of car at time of Coronary" to the category of a significant condition contributing to death but unrelated to the terminal disease. In his affidavit the physician refers to the cause of death as "my professional opinion" and to the second death certificate as one "which more accurately reflects my professional opinion as to the cause of death." Inasmuch as the defendant failed to establish the cause of death as other than accidental except by "professional opinion" and documentary evidence based thereupon, it is unnecessary to determine, for summary judgment purposes, whether the rebuttal evidence has any probative value as to the cause of death. "Opinion testimony of the ultimate fact to be decided in a case is never sufficient to authorize a summary judgment." *Jordan v. Scherffius,* 121 Ga. App. 685 (175 SE2d 97), and citations.

*Judgment affirmed. Deen and Clark, JJ., concur.*
Submitted January 6, 1972—Decided February 11, 1972.

*McClure, Ramsay & Struble, George B. Ramsay, Jr.,* for appellant.
*Gunter & McDonald, Douglas W. McDonald,* for appellees.