## 48960. HOGAN v. ALMAND et al.

ARGUED JANUARY 17, 1974 — DECIDED FEBRUARY 1, 1974 — REHEARING DENIED MARCH 11, 1974 —

*Reuben M. Word, James E. Weldon,* for appellant.
*Kelly, Champion, Denney & Pease, Forrest L. Champion, Jr.,* for appellees.

DEEN, Judge.

Remembering that Dr. Almand was called into the

case after the birth and swore that he was uninformed as to the conditions of delivery, the only paragraphs of the quoted affidavit which could relate to him are Nos. 7, 8, 11, and a part of the conclusion. It is recognized that these paragraphs create a jury issue as to whether the diagnosis is right or wrong, but the appellee correctly points out that the issue is not whether the diagnosis was wrong but whether in making it the doctor used that reasonable degree of care and skill required by Code § 84-924, and such as is ordinarily employed by the profession generally. *Murphy v. Little,* 112 Ga. App. 517 (2) (145 SE2d 760). The same degree of care and skill is required in making a diagnosis as is required in treatment. *Norton v. Hamilton,* 92 Ga. App. 727, 731 (89 SE2d 809). Improper diagnosis is not actionable per se, the issue being whether the physician has used reasonable care and diligence as a professional man. *Stansfield v. Gardner,* 56 Ga. App. 634, 644 (193 SE 375). We feel that since the burden is on the movant for summary judgment to produce evidence which will conclusively eliminate all issues of negligence from the case the issue of diagnosis still remains. *Matthews v. North Cobb Tire Co.,* 120 Ga. App. 269 (170 SE2d 57).

The plaintiff's contention is that the infant did not die of hyaline membrane disease, a condition beyond medical therapy, as the defendants contend, but as a result of bacterial infection contracted during the conditions of the unattended birth; that Dr. Almand, had he correctly diagnosed the infection, might have administered antibiotics and other procedures which would have saved the life of the newborn, and that Dr. Almand's failure to investigate the possibility of bacterial disease in connection with the laboratory findings before him constitutes negligence. The defendants' opinion is that the laboratory findings were incorrect in the first place and would not have shown bacterial infection in the second. We have here a case which in the last analysis must be determined by medical opinion evidence both as to the cause of death, the method of diagnosis, and the proper treatment. It is in no way a case which, based only on the facts and in the absence of opinion testimony, could demand a conclusion one way or the other. See

*Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196). In malpractice cases, while opinion evidence is sufficient in a proper case to present a jury issue "yet the opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize the grant of a summary judgment." *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657); and see *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395).

Although these movants for summary judgment are not chargeable with the alleged negligence of the hospital and the attending physician, or even with knowledge of its existence, and although the ruling that a medical defendant may never rely solely on opinion testimony, although uncontradicted, to obtain summary judgment precludes this case termination at all to defendants where the ultimate issue must be determined by this kind of evidence (which makes the defense of malpractice cases particularly burdensome to medical defendants) nevertheless, the issue remains for jury decision, and the grant of summary judgment was error.

*Judgment reversed. Stolz, J., concurs. Hall, P. J., concurs specially.*

HALL, Presiding Judge, concurring specially.

I concur in the judgment of reversal for the reason that in my opinion plaintiff, by introducing the affidavit of Dr. Freeman, introduced evidence sufficient to overcome the presumption[1] that Dr. Almand used due care in diagnosis, and sufficient to create an issue of fact as to whether the diagnosis of hyaline membrane disease was negligently made. A substantial issue of material fact remaining to be determined, the grant of summary judgment was error.

---

[1]*Shea v. Phillips,* 213 Ga. 269, 271 (98 SE2d 552). This presumption of due care, like all presumptions save presumptions of law, not involved here, recedes in the face of evidence.