## 50407. BOB'S DAIRY BARN & RESTAURANT, INC. v. I. D. S. LEASING CORPORATION.

QUILLIAN, Judge.

I. D. S. Leasing Corporation brought an action in the Civil Court of Fulton County against Bob's Dairy Barn & Restaurant, Inc. seeking recovery of $3,508.08 for default on a "lease agreement" which was attached to the complaint. The defendant answered denying the material allegations of the complaint and setting forth the following defenses: (1) that an agent of the plaintiff fraudulently misled the defendant as to the capability of the equipment (a waste compactor) which was the subject of the "lease agreement"; (2) that the plaintiff had retaken possession of the equipment and made no effort to re-let the same in order to mitigate damages. The defendant amended its answer by adding the following defenses: that the consideration for the contract involved in this matter has totally failed; that the defendant was induced to enter into the involved agreement by fraudulent misrepresentation on the part of the salesman; that the plaintiff and the salesman who sold the equipment to the defendant were engaged in a conspiracy to defraud the defendant in that they prepared and allowed the defendant to enter into an agreement to acquire property which they knew, but concealed from the defendant, would not meet his needs; that the defendant's acceptance of the contract issued upon by the plaintiff had been revoked.

The plaintiff moved for summary judgment based on the affidavit of its assistant vice president, the "lease agreement," an application for proposal on leasing and an acknowledgment of delivery. The defendant filed in response the affidavit of its president. The trial judge granted the motion and entered judgment for the plaintiff. *Held:*

The affidavit offered in support of the plaintiff's motion for summary judgment recited: "Bob's Dairy Barn and Restaurant, Inc., is indebted to the plaintiff in the sum of three thousand five hundred eight and 08/100 ($3,508.08) dollars, plus expenses and attorney's fees for the breach of a non-cancellable lease agreement, a copy of which is attached, marked Exhibit 'A' and incorporated herein by reference."

The statement gave no basis for the damages sought. Most of all, it contains nothing more than the bare assertion that there was a breach of the contract. It is well settled: "Affidavits containing mere legal conclusions and allegations which would not be admitted into evidence present no issues of fact on a motion for summary judgment." *Cooper v. Brock,* 117 Ga. App. 501, 503 (161 SE2d 75). " 'A witness will not be permitted to decide the very question which the jury are to pass upon, but must state the relevant facts, and let the jury draw their own conclusion therefrom.' *Georgia R. & Power Co. v. Head,* 155 Ga. 337 (1) (116 SE 620). Such testimony is inadmissible and could not be considered on summary judgment." *General Ins. Co. v. Camden Const. Co.,* 115 Ga. App. 189, 192 (154 SE2d 26). See *Life &c. Co. v. Moore,* 125 Ga. App. 485, 486 (188 SE2d 118).

There is no evidence offered which would form a basis for the conclusions contained in the affidavit in question. Under such circumstances, it was error to grant the motion for summary judgment for the proof did not demand, as a matter of law, a finding in the plaintiff's favor.

Since the case must be reversed, and although the plaintiff did not seek any specifications of the various issues or determination as to some of the issues and not all of them as is provided in Code Ann. § 81A-156 (d) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238), we do, however, point out the following additional reasons for denying the motion for summary judgment.

There is proof offered from the defendant's affidavit which would tend to show that the defendant and plaintiff agreed to modify or amend the contract by allowing the defendant to return the property in question. *Long Tobacco &c. Co. v. Brannen,* 98 Ga. App. 142, 149 (3) (105

SE2d 390); *Bailey v. Martin,* 101 Ga. App. 63, 67 (112 SE2d 807). Although the proof offered might not be sufficient on the trial of the case to defeat the plaintiff's claim, still on motion for summary judgment where the proof must be considered most favorably towards the contentions of the party opposing the motion, it was certainly sufficient to prevent the grant of the motion.

"Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. We hold this principle applicable to all pleadings including special matters *(fraud,* mistake and conditions precedent) under Code Ann. § 81A-109." (Emphasis supplied.) *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13). While the defendant's affidavit did not establish actionable fraud neither was there any proof offered to establish no fraud existed. Thus, the plaintiff as movant failed to show the non-existence of the defendant's defense predicated on this ground.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED MARCH 11, 1975 — DECIDED JUNE 20, 1975.

*Hilton M. Fuller, Jr., Thomas R. Campbell, Jr.,* for appellant.

*William R. Hurst,* for appellee.