### 52512. GALLOWAY v. BANKS COUNTY.

MARSHALL, Judge.

Galloway brings this appeal from a grant of summary judgment for Banks County.

The complaint is based upon an alleged breach of a contract entered into between Banks County and Galloway in April, 1975. Galloway agreed to provide a sanitary fill and garbage pickup service for all of Banks County for an annual stipend of $15,000. The contract provided that Banks County ". . . shall have the right to terminate this agreement with . . .[Galloway] for reason such as, —A. Economic conditions which adversely affect

the county . . ." The contract was to become effective on July 1, 1975, and to run until July 1, 1976. On the beginning date of the contract, Galloway was notified that the county was terminating the agreement and that he was not to commence the sanitary services. Though there are some disagreements as to when Galloway was notified and whether he was informed as to the reason of the termination by the county, the parties agreed that the issue presented by the summary judgment is whether or not there remained a factual issue as to the existence of economic conditions which adversely affected the county. In order to establish this condition and to justify and validate its termination of the agreement, the county offered evidence that during the period of time from January, 1975, until August, 1975, the county in each month operated at a deficit. The county contends that a deficit of this size is, of itself, an economic condition which adversely affects the county. Galloway rejoins that the fact of a deficit does not necessarily justify the conclusion that an adverse economic condition results. This, Galloway maintains, is nothing more than an opinion which cannot alone support a summary judgment. The sole enumeration of error pertains to the grant of a summary judgment by the trial court in favor of the county. *Held:*

We conclude that Galloway's arguments have merit. It is a matter of common knowledge that many governments at all levels are forced to conduct governmental operations by deficit spending resulting from inadequate income. In fact, the contract in this case was entered into by Banks County in April, 1975, even though it had operated county business at a deficit during the months of January through March. There was no showing that the county had no surplus; nor its projected income during the life of the contract; nor that the services could be performed more cheaply, curtailed or eliminated; nor any other evidence that the $1,250 additional monthly expenditure would adversely affect the economic condition of the county. All that was shown was that the county was experiencing a deficit, a condition that preceded the birth of the contract and was not a change in condition in the county's financial situation.

A motion for summary judgment is properly granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Ga. L. 1966, pp. 609, 660 (Code Ann. § 81A-156 (c)). The question presented was whether or not there existed economic conditions which adversely affected the county. This was a question of fact to be decided from evidence. *City of Acworth v. Western & A. R. Co.,* 159 Ga. 610 (3) (126 SE 454). "Witnesses may proceed to answer such question as a 'fact' yet in the final analysis it is the witnesses' opinions that are being expressed." *Harrison v. Tuggle,* 225 Ga. 211, 212 (167 SE2d 395). A witness may give his opinion if he testified to the facts on which such opinion is based (Code § 38-1708), ". . . but in no case where the facts are before the trior of facts can it be said that a judgment is demanded as a matter of law based upon the opinions expressed, for the trior of facts may arrive at a different conclusion based upon the evidence introduced and is not bound by the opinion testimony. See *Alabama Great Southern R. Co. v. McKenzie,* 139 Ga. 410 (3) (77 SE 647, 45 LRA (NS) 18); *Hubbard v. Rutherford,* 148 Ga. 238 (1) (96 SE 327)." *Harrison v. Tuggle,* 225 Ga. 211, 212, supra.

As agreed by the parties to this litigation, the ultimate fact for consideration and which is dispositive of whether or not the contract was lawfully terminated or breached is whether or not economic conditions existed that adversely affected the county. The successful resolution of this issue is a matter of opinion based in disputed fact which requires a jury's consideration. Opinion testimony of the ultimate fact to be decided in a case is never sufficient to authorize a summary judgment. *Harrison v. Tuggle,* 225 Ga. 211, supra; *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657); *Jordan v. Scherffius,* 121 Ga. App. 685 (175 SE2d 97); *Life & Cas. Ins. Co. v. Moore,* 125 Ga. App. 485, 486 (188 SE2d 118).

Based upon the foregoing, the trial court erred in granting summary judgment for Banks County.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 28, 1976.

*Cathey & Strain, Edward E. Strain, III,* for appellant.

*Griggs & Butterworth, James N. Butterworth,* for appellee.