### 54438. WALKER et al. v. HOWARD et al.

BANKE, Judge.
The appellants, E. L. Walker and H. T. Walker, sued the appellee, James C. Howard, for damages as a result of his alleged legal malpractice. Upon motion by the appellee, the trial judge granted him summary judgment. The appellants appeal this judgment.

The appellants were owners of Walker Die, Tool & Engineering Co. They decided to sell their business and asked the appellee to draft a sales contract. The appellee drafted the contract and, at the request of the appellants, attended the closing. The contract called for the appellants to receive cash plus a promissory note secured by a letter of credit on a national bank payable at the Atlanta, Georgia, exchange rate. The collateral tendered by the purchaser at closing and accepted by the appellants was a matured certificate of deposit drawn on a Bahamian entity.

In their complaint the appellants alleged that the appellee was negligent in not cautioning them against accepting the substituted collateral without inquiry into its validity. They also alleged that the appellee was negligent in not apprising them of the fact that the certificate of deposit was already matured and that there

were irregularities in the chain of title.

The critical issues at the hearing on appellee's motion for summary judgment were whether the appellee's failure to warn the appellants of defects on the tendered certificate of deposit amounted to legal malpractice and whether, even if the appellee were negligent, his negligence was the proximate cause of the appellants' injury. The trial judge found that the appellee's actions were not the proximate cause of the appellants' injury.

In most cases, the determination of proximate cause is a question for the jury. See *Berman v. Rubin,* 138 Ga. App. 849 (227 SE2d 802) (1976); *Holcomb v. Ideal Concrete Products, Inc.,* 140 Ga. App. 857 (232 SE2d 272) (1976). In *Berman,* we ruled that the question of an attorney's alleged malpractice is a matter for the jury's determination after hearing expert testimony on the standards of "diligence" and "skill" expected of attorneys in the performance of their professional duties, except in those situations where it is absolutely clear from the record that his actions are not the proximate cause of the client's injury.

Here, it is clear from the record that the certificate of deposit accepted by the appellants was worthless, but the evidence is disputed as to whether the appellants accepted the substituted security on their own business judgment or only after their attorney, the appellee, advised them the substituted security was technically good. Thus, it was error for the trial judge to find on summary judgment that the alleged acts of the appellee were not the proximate cause of the appellants' loss.

At the hearing on the motion for summary judgment, the judge considered, in addition to the affidavits of the parties and a former officer in the appellants' corporation, the testimony of an expert witness deposed by the appellee. The expert stated that it was his opinion that a lawyer has no professional responsibility to give his opinion or to make any cautionary statements as to the value of what his client accepts in a closing of the type involved in this suit.

The appellee argues that in *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976), this court adopted a

new rule regarding consideration of expert testimony on motions for summary judgment in malpractice cases. The majority decision in *Dickerson* rested on the fact that the movant's expert witness gave expert *factual* testimony in which he described the medical procedure employed and the effects of such a procedure and that the only reasonable inference to be drawn from those facts was that the accused physician had used a proper degree of care and skill. See *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970).

The testimony of the expert witness in this case cannot be so construed. He testified as to his recollection of the proceedings at closing (he was present as attorney for the purchaser) and gave opinion testimony as to the professional standard of care.

In order for this court to affirm the summary judgment for the appellee, we would have to find that the appellee's representation of the appellants at closing had not fallen below that degree of care and skill ordinarily employed by others in his profession. Since such a ruling requires consideration of expert opinion testimony (such as that given by appellee's expert witness) as to the prevailing standard in the legal profession, we find the trial judge's grant of summary judgment for the appellee was error. While opinion evidence in a malpractice case is "sufficient in a proper case to present a jury issue and thus preclude a summary judgment, yet opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize the grant of a summary judgment." *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) (1969). See *Hogan v. Almand,* 131 Ga. App. 225 (205 SE2d 440) (1974).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 17, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*R. M. Bernhardt, M. Cook Barwick, Sr., Sharon Cole,* for appellants.
*Freeman & Hawkins, Paul M. Hawkins, M. H.*

*Blackshear, Jr.,* for appellees.