### 33375. HOWARD v. WALKER.

PER CURIAM.

We originally granted certiorari in this legal malpractice case to review rulings by the Court of Appeals concerning proximate cause and expert opinion evidence as related to summary judgment. For the opinion of the Court of Appeals see *Walker v. Howard,* 144 Ga. App. 413 (241 SE2d 21) (1977). After further consideration we determined that the writ was improvidently granted and

dismissed it.

The applicant for certiorari filed a motion for reconsideration, attaching a copy of a subsequent opinion of the Court of Appeals in *Hughes v. Malone,* 146 Ga. App. 341 (247 SE2d 107) (1978), which the applicant asserts is in conflict with the ruling in *Walker v. Howard,* supra. Thereafter we vacated the dismissal of the writ in *Walker v. Howard* so as to consider the apparent conflict and to reexamine the use of opinion evidence on motions for summary judgment.

The seminal case in Georgia regarding opinion evidence in summary judgment cases was *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393) (1969). In that case of first impression the court said (225 Ga. at 193-194): "Thus, we reach the solid conclusion that a summary judgment can never issue based solely upon opinion evidence." However, that case involved opinion evidence by nonexpert witnesses as to the value of land and the mental competency of the seller. That decision did not consider the differences between cases in which opinions of nonexperts are admissible (as there) versus cases in which only opinions of experts are admissible (as here), and it did not consider differences between cases in which expert opinions are admissible but not essential (as there) versus cases in which at least one expert's opinion is mandatory (as here). In other words, *Ginn v. Morgan,* supra, was not the type of case in which the plaintiff must produce expert opinion testimony in order to be entitled to have the case considered by a jury and to that extent it was dicta.

In the case now before us, in order for the plaintiff to recover he must produce opinion testimony of an expert witness. *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976).

Although not required to do so at trial, the defendant here has produced an expert's opinion in support of his motion for summary judgment. The plaintiff, although required at a minimum to produce a contrary expert opinion at trial in order to prevail, produced no contrary opinion in opposition to the motion for summary judgment. In a case such as this there is no genuine issue to be resolved by a jury.

We hold that in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970); *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976).

*Ginn v. Morgan,* supra, and its progeny continue to be correct insofar as nonexpert opinion cases are concerned and insofar as motions for summary judgment in favor of plaintiffs are concerned.

*Judgment reversed. All the Justices concur, except Nichols, C. J., who concurs specially, and Undercofler, P. J., and Jordan, J., who dissent.*

ARGUED APRIL 10, 1978 — DECIDED OCTOBER 4, 1978 — REHEARING DENIED OCTOBER 24, 1978.

*Freeman & Hawkins, Paul M. Hawkins, Howell Hollis, III, M. Hardeman Blackshear,* for appellants.

*R. M. Bernhardt, Sharon A. Cole, Barwick, Bentley, Hayes & Karesh, M. Cook Barwick,* for appellees.

NICHOLS, Chief Justice, concurring specially.

I concur specially because, in my opinion, the losses sustained by the Walkers were not proximately caused by the breach of any duty owed to them by their attorney, Mr. Howard.

I would reverse the judgment of the Court of Appeals and would affirm the judgment of the trial court because, in my opinion, the trial court correctly took the issue of proximate cause from the jury and decided it in favor of the defendant as a matter of law.

The relevant facts are these: Mr. Howard, a practicing attorney at law, was employed by the Walkers to attend the closing of the sale of their business. During the closing, the purchasers presented to the Walkers an instrument drawn on a purported bank in Nassau,

Bahamas, in lieu of the instrument drawn on an Atlanta bank that the Walkers contractually were entitled to receive. Although Howard emphatically denies that he said anything to this effect, I must assume for purposes of the motion that he told the Walkers then and there that, in his opinion, the Nassau bank instrument was "as good as gold." The Walkers maintain that had Howard warned them of legal defects appearing on the face of the instrument, they would not have accepted it in lieu of the Atlanta bank instrument. Howard maintains that the Nassau bank instrument is not subject to any legal defects ascertainable from its face. Regardless, however, of who should prevail on that issue, it remains the undisputed fact that the Walkers were unable to collect on the Nassau bank instrument because no such bank was in existence, *not* because of any alleged legal defect appearing on the face of the instrument. Thus, even if one were to assume, arguendo, that Howard was negligent in the performance of his obligation as a practicing attorney to review the instrument with due care for the purpose of determining whether or not it was subject to legal defects or objections appearing on its face, which assumption I do not make, then, nonetheless, the trial court should have ruled in his favor as a matter of law because the proximate cause of the Walkers' financial losses was the nonexistence of the bank, not the legal defects, if any, appearing on the face of the instrument.

JORDAN, Justice, dissenting.

In my opinion the Court of Appeals was correct in reversing the grant of a summary judgment to the applicant in certiorari since the respondents had no duty to offer expert opinion evidence to refute the expert opinion evidence submitted by the applicant in certiorari.

The majority opinion has confused an area of the law which had become settled by a long line of cases.

In *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393) (1969), this court held: "Summary judgment can never issue based upon opinion evidence alone." In *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395) (1969), it was held: "While opinion evidence is sufficient in a proper case to present a jury issue and thus preclude a summary

judgment, yet opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize the grant of a summary judgment." Following these two cases, this court and the Court of Appeals have repeatedly ruled that summary judgment may not be granted on opinion evidence.

In medical malpractice cases, which resemble legal malpractice cases in the method of proof by experts, the Court of Appeals has applied the rule on opinion evidence in numerous cases. For instance see *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657) (1969); *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318) (1969); *Elberton-Elbert County Hosp. Authority v. Watson,* 121 Ga. App. 550 (174 SE2d 470) (1970); *Jordan v. Scherffius,* 121 Ga. App. 685 (175 SE2d 97) (1970); *McGlamry v. Smallwood,* 124 Ga. App. 401 (184 SE2d 52) (1971); *Rushing v. Ellis,* 124 Ga. App. 621 (184 SE2d 667) (1971).

In *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970), and *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976), (with four Judges dissenting in each case), the Court of Appeals affirmed the grant of summary judgment to defendant physicians because of the failure of the plaintiffs to support their contentions of negligence with *any* evidence, opinion or otherwise.

The rules governing professional malpractice cases *when tried before a jury* are: (1) The presumption is that the services were performed in an ordinarily skillful manner and the burden is on the one receiving the services to show a want of due care, skill, and diligence. (2) The proof required to overcome such presumption is that given by other professionals in the same field as expert witnesses, except where actionable negligence, or the lack of negligence, clearly appears from nonexpert testimony. *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552) (1957); *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976).

In *Hughes v. Malone,* 146 Ga. App. 341, supra, cited by the applicant in the motion for reconsideration, the Court of Appeals dealt with a case in which a convicted criminal sued his retained attorney for alleged misrepresentation in his criminal case. The Court of

Appeals affirmed the grant of summary judgment to the attorney, and in the summation of its opinion stated (p. 349): "Succinctly stated, it may be said that in a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. *This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper.* Should this presumption be rebutted by expert legal testimony there is presented for the jury a question of fact." (Emphasis supplied.) The emphasized statement, as contended by the applicant, is contrary to the holding by the Court of Appeals in the present case that the expert opinion evidence for the applicant did not authorize the grant of summary judgment. I conclude that the emphasized statement is not a correct statement of the law as applied to summary judgment, although the judgment in *Hughes v. Malone,* supra, is not before us for review.

The law was well settled at the time that opinion evidence alone would not support a motion for summary judgment. Therefore, there was no reason for the plaintiff to offer evidence opposing that offered by the movant for summary judgment. The plaintiff could not be required to anticipate that this court would abrogate this well settled principle of law. The plaintiffs have been "sandbagged" by the majority opinion. At the very least, the case should have been remanded to give plaintiffs an opportunity to offer opinion evidence contrary to that offered by the defendant.

The Court of Appeals in the present case was correct in holding that "except in those situations where it is absolutely clear from the record that the attorney's actions are not the proximate cause of the client's injury, the question of an attorney's alleged malpractice is a matter for the jury's determination after hearing expert testimony on the standards of 'diligence' and 'skill' expected of attorneys in the performance of their professional duties.

I am authorized to state that Presiding Justice Undercofler joins in this dissent.