63267. MOORE et al. v. PHYSICIANS LABORATORY, P. C.

SOGNIER, Judge.

Howard B. Moore, Jr. and Rhoda Moore, as next friend of Howard Britten Moore, III, sued Physicians Laboratory, P. C. for medical malpractice. The Moores alleged that as a result of the laboratory's failure to report a critically abnormal laboratory finding, their five-month-old son sustained irreversible brain damage causing blindness and total paralysis. The trial court granted summary judgment in favor of Physicians Laboratory and the Moores appeal.

Appellants contend that the trial court erred in granting summary judgment in favor of the laboratory because factual issues remain to be decided by a jury. In support of its motion for summary judgment, appellee filed an affidavit of Dr. Raphael Graves, a physician specializing in the field of pathology and president of

Physicians Laboratory. The affidavit set out the procedures used by the laboratory in processing requests for studies. Requests for lab studies are submitted by physicians on either a Routine or Stat basis, the latter being processed and reported as quickly as possible. The priority given any lab test is determined by the physician requesting the test.

Dr. Graves' affidavit also states that on March 18, 1976 while Howard Britten Moore, III, was a patient in the Emergency Room of Northside Hospital, Dr. Carrington, the attending physician, requested that appellee perform a cell count only on spinal fluid withdrawn from his patient. The request was made on a Stat basis, processed immediately, and the results were telephoned immediately to Dr. Carrington in the Emergency Room. No Stat request was made at this time for a report on total protein or sugar studies of the spinal fluid.

According to appellee's affidavit, later the same day the infant was transferred from Northside to Egleston Hospital. Appellee received a telephone call from Egleston inquiring whether protein or sugar studies had been done on the spinal fluid. The laboratory advised that the tests had not been requested nor performed, and at Egleston Hospital's request the studies were done and the results promptly reported.

Dr. Graves averred generally that at all times pertinent to the laboratory studies done on Howard Britten Moore, III, Physicians Laboratory exercised that degree of care and skill customarily and ordinarily employed by physicians generally in the processing, performance and reporting of those laboratory studies, and at no time did appellee depart from a reasonable and competent degree of medical care and skill. Appellee may rely on Dr. Graves' affidavit in its motion for summary judgment in this medical malpractice case as expert testimony that appellee was not negligent in its duty to Howard Britten Moore, III. To avoid summary judgment, the Moores must then produce expert testimony to the contrary. *Hardinger v. Park,* 159 Ga. App. 729 (285 SE2d 212) (1981); *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).

Appellants did not submit an affidavit to contradict Dr. Graves' affidavit, but they rely on the deposition testimony of Dr. Carrington. Appellants contend that the factual issues raised in this case are whether the attending physician made a Stat request for laboratory analysis of the infant's spinal fluid *including* protein and sugar studies and appellee failed to timely respond, or, in the alternative, whether the attending physician did *not* make a request for the tests but that the laboratory nevertheless should have routinely done the tests and reported the results immediately to the attending

physician. Appellants argue that there is a question of fact whether appellee breached its duty of care in failing to routinely do a laboratory test on spinal fluid which was later determined to have a critically low sugar content indicating an immediate need for the administration of glucose. Appellants argue that such a failure was an admitted departure from acceptable medical standards and the cause of irreparable brain damage in Howard Britten Moore, III.

Dr. Carrington testified that he usually requested as a matter of routine that the laboratory do a cell count and glucose and protein determinations on spinal fluid but that in the instant case he did not recall ordering anything but a cell count on a Stat basis. He testified that he was concerned that the child was suffering from meningitis and that he needed an immediate spinal fluid cell count to make a determination in this regard. Appellants state that Dr. Carrington testified that he routinely received from the pathology laboratory results of glucose analysis of spinal fluid whether or not he requested such test results. However, we find nothing in the record to support this statement. When asked if he was relying on the laboratory to automatically do tests on glucose and protein, he answered in the negative and also stated that he was not waiting for results of tests done on protein and glucose when he ordered the cell count on the spinal fluid.

We find nothing in Dr. Carrington's testimony which contradicts Dr. Graves' testimony regarding the receipt, processing and reporting of requests for laboratory analysis done on a Stat basis in Physicians Laboratory. Nor do we find any evidence in the record which contradicts Dr. Graves' expert testimony that Physicians Laboratory exercised that degree of care and skill in processing requests for laboratory analysis on Howard Britten Moore, III, which is customarily and ordinarily employed by physicians generally. There is nothing in the record to indicate that the laboratory breached any duty by failing to furnish unrequested information to the attending physician. In cases where plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's testimony in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. *Howard v. Walker,* supra., at p. 408.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1982.

*Robert John White, Edward James Walsh,* for appellants.
*Sidney F. Wheeler, Ben S. Williams,* for appellee.