47547, 47548.   MESA v. POOLE (two cases).

DEEN, Judge. Mrs. Poole, the defendant-appellee, was involved in an automobile collision with the Mesas, who thereafter filed actions for damages. The defendant's motion for summary judgment based on a release accepted in settlement from the defendant's insurer was sustained, and the appeal is from this judgment.

From the affidavits and interrogatories it appears that the Mesas are Cuban refugees with a limited knowledge of English; that the husband is a physician employed by Central State Hospital, Baldwin County; that their daughter speaks, reads, and writes English without difficulty; that the damage to the Mesa vehicle was $552.39, and that Dr. Mesa's salary averaged out to about $40 per day.

They accepted a check for $552.39 and both plaintiffs signed an open-end release, the provisions of which were as follows: "Agreement and release for and in consideration of the payment of the sum of Five Hundred Fifty Two and 39/100 Dollars, the receipt of which is hereby acknowledged, and of the promise of payment to the undersigned of benefits in accordance with the schedule of benefits set forth below, by the company accepting this agreement. Schedule of benefits. (1) To pay all reasonable and necessary expenses not to exceed $2,000 incurred for medical, dental or surgical treatment, ambulance, hospital, professional nursing services and prosthetic devices, furnished to the named beneficiary within 180 days of the date of this agreement, as a result of the accident described herein, provided that such expenses are not paid or payable by any collateral source; and (2) To pay $40 for each day within 180 days of the date of this agreement that said beneficiary is continuously and necessarily disabled and confined indoors under the care of a licensed physician other than himself, due to the bodily injury incurred because of the accident described herein (payable monthly); provided that the total of said per

diem payments shall not exceed $2,000; and, provided the total amount payable hereunder for this release, plus said expense payments, plus said per diem payments, shall not exceed the limit of liability for bodily injury to one person provided by the policy of insurance applicable to the releasee named herein, the undersigned hereby releases and forever discharges Joseph P. Poole, Jr. and Elaine Poole the insurance company accepting this agreement, and any and all other persons, firms or corporations liable or who might be claimed to be liable, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, both to person and property, and particularly on account of all injuries, known and unknown, sustained by Dr. Ricardo E. Mesa (named beneficiary) which have resulted or may in the future develop as a result of an accident which occurred on or about the 19th day of July, 1969, at or near Milledgeville, Ga. It is also agreed and understood that this settlement is the compromise of a doubtful and disputed claim, that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released, by whom liability is expressly denied. This agreement and release contains the entire agreement between the parties hereto, and the terms of this instrument are contractual and not a mere recital. It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each."

Plaintiffs, without cashing the check, then consulted an attorney who advised them they had executed a release of all rights, after which they repudiated the release, returned the check, and filed this action. Dr. Mesa's position is that "Mr. Taylor [the insurance adjuster] falsely represented to us that this agreement concerned only the automobile damage and that the effect of the agreement and release was only to settle the automobile damages. He further stated that the agreement would in no wise

affect our right to recover damages for our personal injuries; because of this false representation we were induced to sign the agreement and release."

It also appears without contradiction that the Mesas had delayed the discussion culminating in their signing the release until their daughter returned, and that she was present throughout. There is no denial of Taylor's affidavit that "they actually looked at the agreement as I read it out loud, following the exact words with me so that every term was not only visible to them but was read by them and any terms which they questioned were explained to them," or of Taylor's statement that he discussed Dr. Mesa's salary and they worked out the daily increment together based on the average salary figure. *Held:*

1. It has been held that a release agreement in the form here used is valid and violates no provision of the Georgia Insurance Code. *Sollek v. Laseter,* 126 Ga. App. 137 (1) (190 SE2d 148).

2. One who can read must read or show a sufficient reason for having been prevented from doing so. *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788); *B. E. Robuck, Inc. v. Walker,* 212 Ga. 621 (94 SE2d 696); *Musgrove v. Musgrove,* 213 Ga. 610 (3) (100 SE2d 577). Otherwise, he is bound by the terms of the release. *Kennedy v. Bateman,* 217 Ga. 458 (123 SE2d 656); *Collins v. L. & W. R. Co.,* 92 Ga. App. 814 (89 SE2d 908); *Southern Stages, Inc. v. Fullington,* 66 Ga. App. 773 (1) (19 SE2d 324).

3. If we accept the implications of the defendant's affidavit, the plaintiffs and their daughter read the release, had it read to them, and understood it. The plaintiffs admit that their English-speaking daughter was present throughout the interview, and say neither that they did not read the release nor that it was not read to them or that they were prevented from having the daughter read and translate it, but only that their command of English was limited and they signed the document based on the agent's misrepresentations of its contents. Under these

circumstances no case for cancelling the release is made out, and the plea of accord and satisfaction was good.

The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

SUBMITTED OCTOBER 5, 1972—DECIDED OCTOBER 25, 1972.

*Dickens, Hall & Greene, Robert M. Greene,* for appellants.
*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr.,* for appellee.