### 51017. YOUNG v. YARN.

PANNELL, Presiding Judge.

Plaintiff brought an action alleging that the defendant physician was negligent in failing to exercise proper care and skill in the performance of surgery upon plaintiff; and in breaching his duty to plaintiff by failing to advise her that the surgery was difficult and involved risks, thereby inducing her to consent to an operation to which she would not have consented had there been a full disclosure of the permanent consequences. A jury trial was held, and at the close of plaintiff's evidence, the judge granted defendant's motion for directed verdict. The plaintiff appeals the judgment entered in favor of the defendant. *Held:*

1. Appellant contends that the trial court erred in directing a verdict for defendant on the issue of whether he had breached a duty to appellant in failing to warn her of the risks of surgery. Appellant testified that she would never have consented to a face-lift operation if she had been informed of the possibility of hypertrophic scarring. This cause of action is based on the doctrine of "informed

consent" effective in other states. The Georgia courts have never decided whether this doctrine is applicable in this state. Briefly stated, this doctrine is "that a consent to a treatment or diagnostic test obtained without disclosure of the hazards or dangers involved, is no consent." *Mull v. Emory University, Inc.*, 114 Ga. App. 63, 65 (150 SE2d 276).

The appellee argues that Code § 88-2906 pre-empts the doctrine of informed consent in Georgia. This Code section provides in pertinent part: "A consent to medical and surgical treatment which discloses in general terms the treatment or course of treatment in connection with which it is given and which is duly evidenced in writing and signed by the patient or other person or persons authorized to consent pursuant to the terms hereof, shall be conclusively presumed to be a valid consent in the absence of fraudulent misrepresentations of material facts in obtaining the same." Although the present case is not controlled by this statute in that the consent form did not disclose the general terms of treatment, the statute does express a legislative intent as to the duty of the doctor regarding disclosure in order to obtain a valid consent. It provides that the physician must disclose *in general terms the treatment or course of treatment* in connection with which the consent is given. The legislature thus set forth the requisite disclosures necessary to render a consent valid.

In order for the "informed consent" rule to be viable in the face of this statute, we would have to interpret "treatment or course of treatment" to include the risks involved in such treatment. Black's Law Dictionary defines *treatment* as "a broad term covering all steps taken to effect a cure of an injury or disease; the word including examination and diagnosis as well as application of remedies." Black's Law Dictionary, 4th Ed., p. 1673. We cannot interpret the requirement of disclosing *in general terms the treatment or terms of treatment* as including a requirement for disclosure of risks of treatment.

The legislature has defined the physician's duty of disclosure to his patient; the physician must inform the patient of the general terms of treatment in order to effect

a valid consent. In that we have decided that this duty does not include a disclosure of "risks of treatment," appellant cannot sustain an action alleging that defendant breached his duty in failing to warn of the risks of treatment or that her consent was thereby rendered invalid.

2. Appellant urges that there was sufficient evidence to submit to the jury the question of whether defendant negligently performed the operation. Several expert witnesses testified that it was possible to take away too much skin or cut out too much underlying tissue and thereby cause hypertrophic scarring. There was also testimony that hypertrophic scarring occurred in only one-half of one percent of face-lift operations. Appellant argues that these two facts established adequate circumstantial evidence upon which the jury could conclude that defendant negligently performed the operation.

There was no testimony that any excess skin was removed or that undue tension was applied in the closure of appellant's wounds. Further, there was no testimony that defendant had failed to perform the operation in an ordinarily skilful manner. The doctrine of res ipsa loquitur does not apply in malpractice suits. See *Hayes v. Brown,* 108 Ga. App. 360, 366 (133 SE2d 102). "In a suit for damages alleged to have been caused by the malpractice of a surgeon, the burden is on the plaintiff to show a want of due care, skill, or diligence, and also that the injury resulted from the want of such care, skill, or diligence." *Ga. Northern R. Co. v. Ingram,* 114 Ga. 639 (40 SE 708). The proof ordinarily required to overcome such presumption of care, skill, and diligence is that given by physicians or surgeons as expert witnesses. *Pilgrim v. Landham,* 63 Ga. App. 451 (4) (11 SE2d 420). The plaintiff produced no testimony establishing that the defendant failed to exercise due care, skill and diligence in the present operation. Accordingly, the trial judge correctly directed a verdict for the defendant.

3. Appellant argues that the jury would have been authorized to find that defendant breached an implied warranty to appellant. A physician or surgeon ". . . is not an insurer or warrantor that the exercise of his

professional judgment will effect a cure of the patient."
*Bryan v. Grace,* 63 Ga. App. 373, 379 (11 SE2d 241).
*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 7, 1975 —
REHEARING DENIED NOVEMBER 25, 1975 — 

*White & Jewett, Robert John White,* for appellant.
*T. M. Smith, Jr., Hunter S. Allen, Jr., Robert G. Tanner,* for appellee.