## 57159. WINFREY v. CITIZENS & SOUTHERN NATIONAL BANK.

SHULMAN, Judge.

Appellant brought this suit in two counts against appellee-executor of deceased physician's estate. Count 1 of her complaint sets forth a claim for assault and battery, alleging that executor's surgeon, during the course of exploratory surgery, had performed a complete hysterectomy on appellant without her consent. Count 2 alleges a breach of the physician's duty to obtain informed consent. Appellee, relying on the pleadings, depositions and the consent form signed by the appellant moved for and was granted summary judgment as to both counts. On appeal, we affirm the judgment.

1. Appellant urges that genuine issues of material fact remain as to the scope of the consent as given by her and that summary judgment was therefore inappropriate. We disagree.

The effect of the consent form which was signed by appellant is the crux of this litigation and this appeal. That consent form provides in pertinent part as follows:

"1. I authorize the performance upon Ella P. Winfrey of the following operation — laparoscopy, possible laparotomy. . .

"2. I consent to the performance of operations and procedures in addition to or different from those now contemplated, which the above-named doctor or his associates or assistants may consider necessary or advisable in the course of the operation. . .

"7. I acknowledge that the nature and purpose of the operation, possible alternative methods of treatment, the risks involved, and the possibility of complications have been fully explained to me. . ."

Depositions establish that appellant voluntarily signed the consent after reading only her physician's name, her name, and the words "laparoscopy, possible laparotomy." Because no legally sufficient excuse appears, appellant is bound by the consent document in spite of her failure to read it. *Mesa v. Poole,* 127 Ga. App. 426 (2) (193 SE2d 925).

Appellant's understanding to the contrary

notwithstanding, the consent did not limit surgery to the examination and possible cutting of her abdominal wall. By the plain wording of the consent, the physician was authorized to perform such additional or different operations and procedures as considered necessary or advisable in the course of the operation. In the absence of fraudulent misrepresentations of material fact in obtaining appellant's permission, the consent which she executed "shall be conclusively presumed to be a valid consent." Code Ann. § 88-2906.

Appellant's testimony by deposition that the deceased surgeon had agreed to limit surgical procedures only to those authorized is inadmissible under Code Ann. § 38-1603 (1), the dead man's statute. Consequently, no genuine issues of material fact appear as to limitations on the scope of the consent. Moreover, even if this proffered testimony were admissible, an agreement limiting surgical procedures only to those authorized would not have precluded the hysterectomy which was performed, so long as the hysterectomy was necessary or advisable. (Appellant has not raised any issue as to whether the surgery was necessary or advisable. See Division 3 below.)

Because the undisputed evidence shows that appellant executed a form consenting to surgery with no fraud appearing and because no issue as to whether the hysterectomy was necessary or advisable is presented, we hold that summary judgment was proper as to Count 1.

2. Summary judgment was also properly granted as to Count 2 alleging that the deceased physician had breached the duty of obtaining informed consent.

We need not consider the dead man's statute as it relates to this claim, as the plaintiff's own evidence does not support the claim. Plaintiff's testimony that she was informed by someone in general terms of the treatment or course of treatment shows that the physician's duty of disclosure had not been breached. *Parr v. Palmyra Park Hospital, Inc.*, 139 Ga. App. 457 (228 SE2d 596).

3. It is clear from the complaint and arguments made by plaintiff-appellant in opposition to the motion for summary judgment that her claims were premised on the contention that consent was limited only to a laparoscopy

and a possible laparotomy and no other surgical procedures, and that the physician had negligently failed to inform her of the possibility of a hysterectomy. We are cited to no pleadings or evidence raising the issue whether the operation was necessary or advisable. (See this language in the consent form, Division 1 of this opinion.) Indeed, in his brief, counsel for appellant states that "the issue of medical necessity or lack thereof [was] not raised by either party [nor was] there any evidence introduced by either party on that issue." Appellant's casual reference to "medical necessity" in his brief to the trial court in opposition to the summary judgment motion did not sufficiently raise the issue as to the propriety of the operation within the context of the consent form so as to preclude summary judgment. *Gerald v: Ameron Automotive Centers,* 145 Ga. App. 200 (2) (243 SE2d 565); *Goodman v. St. Joseph's Infirmary,* 144 Ga. App. 614 (241 SE2d 487). Cf. *Bailey v. Belinfante,* 135 Ga. App. 574 (1) (218 SE2d 289), involving a directed verdict.

We note that the arguments concerning the medical necessity of this surgical procedure were premised on the assumption that no valid consent had been obtained and that conditions excusing consent contained in Code Ann. § 88-2905 (a medical emergency where the medical treatment is reasonably necessary and a person authorized to consent is not readily available) were lacking.

4. Appellant submits that summary judgment was improper because issues of fact remain as to whether appellant's consent to the sterilization had been obtained in accordance with Code Ann. § 84-932 of the Voluntary Sterilization Act. We disagree.

Code Ann. § 84-934 defines "surgical procedure" as that term is used in the Voluntary Sterilization Act. As the uncontradicted evidence shows that the surgical procedure involved in this case was not designed or intended to prevent conception, it was not a surgical procedure within the regulatory ambit of the Act. See Code Ann. § 84-934. Thus, the failure to procure a consent pursuant to the Voluntary Sterilization Act is not a genuine issue of material fact that will preclude summary judgment.

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

ARGUED JANUARY 10, 1979 — DECIDED MARCH 13, 1979 — REHEARING DENIED MARCH 28, 1979 — 

*Richard A. Garcia, Reid G. Kennedy,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Hunter S. Allen, Jr., Robert G. Tanner,* for appellee.