## 57986. WATSON v. WORTHY et al.

UNDERWOOD, Judge.

Plaintiff appeals the grant of summary judgment to defendant doctors and hospital contending that there are genuine issues of material fact as to Counts 2 and 3 of the complaint, which seek recovery as for assault and trespass upon her body allegedly resulting from defendants' violation of the "informed consent" rule, and also as to Counts 1 and 4 of the complaint, which seek recovery for defendants' alleged negligence in failing to follow the standards of the profession as to the diagnosis of her ills and the performance of the correct surgical procedures. We find summary judgment to have been correctly granted in both instances, and consequently we affirm.

1. The record reveals that plaintiff executed a consent form authorizing defendants "to administer such treatment as is necessary, and to perform the following operation [inserted] Pelvic Surgery and such additional operations or procedures as are considered therapeutically necessary on the basis of findings during the course of said operation."

It is clear that upon performing pelvic surgery defendant doctors found that plaintiff had infected fallopian tubes and that it was their best judgment that they be surgically removed via a procedure known as "bilateral salpingectomy." No question as to fraudulent misrepresentations is involved, and consequently the executed form is conclusive on the issue of consent under the Medical Consent Law, Ga. L. 1971, p. 438 (Code Ann. Ch. 88-29). "A consent to medical and surgical treatment which discloses in general terms the treatment or course of treatment in connection with which it is given, and which is duly evidenced in writing and signed by the patient . . . shall be conclusively presumed to be a valid consent in the absence of fraudulent misrepresentation of material facts in obtaining the same." Ga. L. 1971, pp. 438, 440-441 (Code Ann. § 88-2906). Applied: *Winfrey v. Citizens & Southern National Bank,* 149 Ga. App. 488 (254 SE2d 725) (1979). Consequently summary judgment was properly granted as to Counts 2 and 3.

2. Plaintiff asserts in the brief that "stripped of its conclusions, [defendants] motion for a summary judgment on Counts 1 and 4 is based entirely upon the opinion evidence of Dr. Goodman Espy in his deposition and upon the opinion evidence of Dr. Sparti and Dr. Worthy, [defendant doctors] in their affidavits. While it is true that opinion evidence in a malpractice case is sufficient in a proper case to present a jury issue and thus preclude a summary judgment, nevertheless, opinion testimony of the ultimate fact to be decided is never sufficient to authorize the grant of a summary judgment. *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) (1969)."

That, indeed, was the well-established principle, the proverbial "red-eye rule," as law students would have it, at least since *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393)(1969) and *Harrison v. Tuggle,* supra. However, although not cited by defendants, *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978) has put a definitive end to it in cases such as the instant one: "We hold that in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, [e.g., as here, medical negligence, *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 664 (222 SE2d 162) (1975)], when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion . . . to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." *Howard,* 242 Ga. 406, supra, at 408.

That is precisely the situation here, and accordingly summary judgment was properly granted as to Counts 1 and 4.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted June 13, 1979 — Decided September 4, 1979.

*Ben F. Smith,* for appellant.
*David H. Tisinger, W. A. Foster, III,* for appellees.