63183. COLE v. JORDAN et al.

QUILLIAN, Chief Judge.
In *Cole v. Jordan,* 158 Ga. App. 200 (279 SE2d 497), we affirmed the trial court's grant of summary judgment to appellees on Count 1 of appellant's complaint alleging negligence by medical malpractice. A recitation of the facts is contained in Division 3 of that opinion. The remaining Count 2 of the complaint again alleged that appellees were negligent in performing the dilation and curettage (D & C) surgical procedure, that appellant's consent was not obtained for the performance of the D & C, and that the surgical consent given by appellant was fraudulently obtained. Appellees' motion for summary judgment on Count 2 has now been granted, from which this appeal is taken. *Held:*

1. Appellant's enumeration that summary judgment was erroneously granted because issues of fact relating to negligence alleged in Count 2 were not resolved is without merit.

Count 1 covered all issues of negligence between the parties. Summary judgment was granted in favor of appellees on Count 1 and we have affirmed that judgment. *Cole v. Jordan,* 158 Ga. App. 200, supra.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which might have been put in issue . . . until such judgment shall be reversed or set aside." Code Ann. § 110-501. And see: Code Ann. § 38-623; *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646); *Childers v. Tauber,* 160 Ga. App. 713 (288 SE2d 5).

Therefore, appellant is estopped from further litigation of any issues of negligence between the parties in contesting the judgment as to Count 2.

2. It is next contended that the grant of summary judgment was error because there was evidence of fraud in procuring appellant's consent to surgery. We find no error as appellee's evidence showing

that no fraud was committed stands uncontradicted.

Appellant made a general allegation of fraud in an unverified amendment to her complaint, stating that none of the matters set forth in the consent form she signed were true as to the D & C, which was not specifically mentioned in the consent. Appellees' motion for summary judgment included the affidavit of appellee Jordan by which he specifically denied that any fraudulent misrepresentations were made to appellant concerning the consent she signed. There is no other evidence of record which contradicts appellee Jordan's testimony that no fraud occurred. There being no genuine issue of material fact on the issue of fraud, summary judgment was correctly granted on this issue. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759).

3. The remaining assertion is that summary judgment should not have been granted because there was conflicting evidence as to whether appellant consented to the D & C.

Appellant, after reading it, signed an authorization for surgical treatment which authorized Dr. Jordan to perform "Laparoscopy, Possible Bilateral Laparoscopic, Possible Bilateral Salping-ooophrectomy [sic], Possible Total Abdominal Hysterectomy, and such additional operations or procedures as are considered by said doctor therapeutically necessary on the basis of findings during the course of said operation."

The D & C procedure is not mentioned in the authorization. Dr. Jordan performed the D & C routinely as a preliminary to laparoscopy, which is his practice.

Code Ann. § 88-2906 (Ga. L. 1971, pp. 438, 440) provides: "A consent to medical and surgical treatment which discloses in general terms the treatment or course of treatment in connection with which it is given and which is duly evidenced in writing and signed by the patient . . . shall be conclusively presumed to be a valid consent in the absence of fraudulent misrepresentations of material facts in obtaining same."

In *Winfrey v. Citizens &c. Nat. Bank,* 149 Ga. App. 488 (254 SE2d 725), the appellant brought suit against a deceased physician's estate for assault and battery, alleging that during a laparoscopy and possible laparotomy, the physician had performed a hysterectomy without her consent. Affirming the grant of summary judgment for the physician, we said: "[T]he consent did not limit surgery to the examination and possible cutting of her abdominal wall. By the plain wording of the consent, the physician was authorized to perform such additional or different operations and procedures as considered necessary or advisable in the course of the operation. In the absence of fraudulent misrepresentations of material fact in obtaining

appellant's permission, the consent which she executed 'shall be conclusively presumed to be a valid consent.' Code Ann. § 88-2906." Id. at 489. Accord, *Watson v. Worthy,* 151 Ga. App. 131 (1) (259 SE2d 138).

Contrary to appellant's allegations, no evidence of fraudulent misrepresentations in obtaining her consent appears. The evidence is undisputed that a D & C is often routinely performed as a preliminary to a laparoscopy. Accordingly, appellant's consent is "conclusively presumed to be a valid consent." The trial court did not err in granting summary judgment.

*Judgment affirmed. Shulman, P. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED FEBRUARY 5, 1982 —
REHEARING DENIED FEBRUARY 25, 1982.

*Marson G. Dunaway, Jr.,* for appellant.
*Wade C. Monk, Jr., Oscar M. Smith,* for appellees.