## 63364. BUTLER et al v. BROWN.

McMurray, Presiding Judge.

This case involves a medical malpractice action brought against a medical doctor and hospital by the plaintiffs, husband and wife, originally seeking damages for personal injury and loss of consortium due to the negligence of the defendant in the performance of surgery, that is, a first rib resection and dorsal sympathectomy upon the husband in the defendant hospital's operating room. However, at the call of the case for trial plaintiffs amended their complaint, withdrawing the allegations pertaining to malpractice and inserting in lieu thereof that the operation was performed without a valid consent and the defendant doctor committed a battery upon the person of the plaintiff husband which caused him to be permanently injured and damaged as a direct and proximate result of the operation. At that time the complaint against the hospital and the hospital authority was dismissed.

At the conclusion of the evidence the defendant doctor moved for directed verdict, and the motion was granted. Thereafter, the plaintiffs filed a motion for new trial which was denied. Plaintiffs appeal. *Held:*

Before the operation commenced the plaintiff husband executed a "Special Consent to Operation or Other Procedure" authorizing the defendant doctor and/or such other assistants as he may select to perform a rib resection and sympathectomy. A part of this consent was a statement that the procedures listed had been explained to him by the doctor, and the patient understood the nature and the consequences of the procedures. The evidence disclosed that the patient (the plaintiff husband) suffered from a complaint of coldness in his left hand which affected his ability to work as a carpenter.

The plaintiff husband contends that the surgery to be performed was the removal of the first rib to relieve pressure on a blood vessel and restore circulation. He contends the defendant never told him that he was going to do a stellate ganglionectomy or the consequences of the proposed surgery, that is, that his eyelid was going to droop and he would lose some of his ability to sweat or that a

consequence of a stellate ganglionectomy is that the patient will be left with a Horner's syndrome. As the result of the operation a Horner's syndrome was produced, that is, his eyelid droops, he lost his sense of smell, and does not sweat on one side of his face or his right arm and hand. The defendant doctor contends that he told the patient that there would be a very high chance that there would be a Horner's syndrome affecting his right eye with dryness but he felt that it was an acceptable complication but the relief from pain and coldness would be a much better result than to worry about the syndrome. The doctor testified that when you take out the entire stellate ganglion the chances are very high that you will have a Horner's syndrome. He testified that he decided to take out the whole stellate ganglion.

The plaintiffs enumerate error to the granting of the defendant's motion for directed verdict and to the failure of the defendant physician to disclose the inevitable consequences of surgery which vitiated the plaintiff's consent to the operation thereby raising a material fact question involving fraud which can only be decided by the jury.

The Georgia Medical Consent Law and in particular Code Ann. § 88-2906 (Ga. L. 1971, pp. 438, 440) provides that a consent to medical and surgical treatment which discloses in general terms the "treatment or course of treatment," that is, when the patient in writing consents to an operation it "shall be conclusively presumed to be a valid consent in the absence of fraudulent misrepresentations of material facts in obtaining the same." The patient here admitted that he knew the operation would involve the rib resection, but that he did not remember the consent contained the procedure involving the "sympathectomy." He further contends that the doctor never apprised him of the fact that the development of a Horner's syndrome is an inevitable consequence of a first rib resection and sympathectomy. The patient contends that had he known of this he would never have had the operation and he did not understand that the doctor was taking out the entire stellate ganglion. However, with the adoption of the Georgia Medical Consent Law it has been held in *McMullen v. Vaughan,* 138 Ga. App. 718, 721 (3) (227 SE2d 440), that all that is necessary in Georgia under this procedure is for the physician to disclose to his patient the general terms of treatment and this duty "does not include a disclosure of 'risks of treatment,' [and] the 'informed consent doctrine' is not a viable principle of law in this state," citing *Kenney v. Piedmont Hosp.,* 136 Ga. App. 660, 667 (222 SE2d 162); *Young v. Yarn,* 136 Ga. App. 737, 739 (222 SE2d 113); and *Mull v. Emory University, Inc.,* 114 Ga. App. 63, 65-66 (5) (150 SE2d 276). In Division 3 of *McMullen v. Vaughan,* at page 721, the

enumeration of error was that the trial court erred in refusing to charge that the medical doctor was negligent in failing to inform the patient of the dangers inherent in a first rib resection and in not informing him of alternative and less dangerous modes of treatment and correction. This court held at page 721 that there was no error in failing to give this request to charge inasmuch as it was an improper legal standard under the Georgia law, and the informed consent doctrine was not a viable principle of law in this state. The case sub judice raises the same issues with reference to the granting of the motion for directed verdict, that is, that the doctor was negligent in failing to inform the patient of the dangers inherent in a first rib resection and in not informing him of alternative and less dangerous modes of treatment and correction inasmuch as the plaintiffs' medical expert testimony placed in evidence was that there were alternative and less dangerous modes of treatment and correction.

Our concern here is whether the omission of certain facts would amount to fraudulent misrepresentations of material fact in obtaining the plaintiff husband's permission, inasmuch as without fraudulent misrepresentations of material fact the consent which he executed "shall be conclusively presumed to be a valid consent." Code Ann. § 88-2906, supra. In *Winfrey v. C. & S. Nat. Bank,* 149 Ga. App. 488, 489 (254 SE2d 725), it was held that the patient in that case having executed the consent in general terms she was bound by the consent doctrine in spite of her failure to read it, citing *Mesa v. Poole,* 127 Ga. App. 426, 428 (2) (193 SE2d 925). Consequently, we hold the plaintiff husband here was bound by his written consent even though he did not remember the term sympathectomy. As was held in *Watson v. Worthy,* 151 Ga. App. 131 (1) (259 SE2d 138), the surgical consent disclosed in general terms the treatment or course of treatment and was conclusively presumed to be a valid consent in the absence of fraudulent misrepresentations of material facts in obtaining same. Our query is whether the claimed failure (denied by the defendant doctor in his testimony) to explain the possible results of the operation to the plaintiff husband amounted to fraudulent misrepresentations of material facts in obtaining the written consent. While Code Ann. § 88-2906, supra, with reference to the construction of the Georgia Medical Consent Law states that it should be liberally construed, nevertheless it is in derogation of the common law and as to the language used therein we cannot hold, as the plaintiffs request in this appeal, that the failure to advise the circumstances of the operation amounted to fraudulent misrepresentations of material facts so as to void the consent. Accordingly, based on *McMullen v. Vaughan,* 138 Ga. App. 718, 721, supra, all that is required is that the patient be informed in general terms of treatment in order to effect a

valid consent, and this duty did not include a disclosure of risk of treatment. Accordingly, the trial court did not err in directing the jury to return a verdict for the defendant here.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 7, 1982 —
REHEARING DENIED MAY 19, 1982.

*Robert John White,* for appellants.
*Sidney F. Wheeler, Ben S. Williams, Michael T. Bennett, John H. Stanford, Jr.,* for appellee.