## 63309. HUTCHESON v. McGOOGAN.

McMurray, Presiding Judge.

This case involves a medical malpractice action brought against a medical doctor. The negligent act was the performance of a hemorrhoidectomy causing alleged damages and injuries based upon the failure of said defendant doctor to exercise that degree of care and skill exercised by the medical profession generally. The main contention of the plaintiff is that, as a patient of the defendant, he was admitted to the hospital for the purpose of having surgery performed on a cyst located on the left side of the scrotum. But while he was in the hospital the defendant also performed the hemorrhoidectomy without his permission, that is, without a valid consent.

The defendant in his answer admitted jurisdiction but denied the claim. He admitted plaintiff was admitted to the hospital but denied that it was for the purpose of performing surgery on a cyst. In his answer, the defendant admitted a hemorrhoidectomy was performed and that in addition the excision of a fistula in ano was performed. The defendant also averred that in his treatment of the plaintiff "at all times pertinent . . . he exercised and exceeded that degree of care and skill required of physicians and surgeons and that the plaintiff has sustained no damage resulting from the lack of exercise of such skill and care on the part of the defendant."

After discovery a motion for summary judgment was made, based upon the deposition and sworn affidavit of the defendant as a medical expert that in the performance of the hemorrhoidectomy and excision of the fistula in ano "in his professional opinion, at all times in affiant's treatment, examination, diagnosis, surgery and post-operative treatment and evaluation of [the plaintiff patient] affiant exercised the standard of care and skill required under the law of physicians and surgeons generally and that affiant was not negligent or careless as alleged by the plaintiff or in any manner." The defendant also deposed that in his opinion the hemorrhoidectomy performed by him was medically necessary and said surgical procedure was performed with that degree of skill and care ordinarily employed by the medical profession generally. The record also discloses that two separate authorizations for surgical treatment were signed by the plaintiff patient, one on the day before the

operation (the other on the date of the operation) to perform the following operation: "Fistula In Ano"; "hemorrhoidectomy" and "such additional operations or procedures as are considered therapeutically necessary on the basis of findings during the course of said operation." The second consent read somewhat differently, but the language imports the same meaning as above.

In opposition to the motion, plaintiff submitted his own affidavit contending that prior to the hemorrhoidectomy he had no hemorrhoid problems, was never diagnosed by a physician as having hemorrhoid problems, and the hemorrhoidectomy was totally unnecessary.

Based upon the record as established, the motion for summary judgment was granted in favor of the defendant against the plaintiff, and the complaint was dismissed. Plaintiff appeals. *Held:*

Despite the fact that the evidence discloses that the hemorrhoidectomy was not originally contemplated with reference to the surgical procedure planned and the word "hemorrhoidectomy" may have been, or was, added to the two separate authorizations for surgical treatment after plaintiff signed the consent forms, nevertheless the plaintiff executed the consent to the operation, *"Fistula In Ano"* which also contained the language "and such additional operations or procedures as are considered therapeutically necessary on the basis of findings during the course of said operation." The other surgical consent form also contained language consenting to any and all treatments which in the judgment of the attending physician "may be deemed necessary or advisable throughout the above named patient's hospitalization." The case is somewhat similar to that of *Butler v. Brown,* 162 Ga. App. 376 (290 SE2d 293) (1982), wherein the plaintiff amended his malpractice case to contend that the operation was performed without a valid consent and the defendant doctor had committed a battery upon the person of the plaintiff causing him to be permanently injured and damaged as a direct and proximate result of the operation. The plaintiff in the case sub judice has offered his sworn affidavit that he needed no treatment of his hemorrhoids, yet the defendant medical doctor has submitted his expert opinion that same was necessary and contends same was authorized by the surgical consent forms signed by the patient. Despite the fact that the plaintiff has sued for medical malpractice and through evidence has sought to show that the defendant performed the hemorrhoidectomy which he contends was unnecessary and thus the doctor committed a battery upon his person, the defendant as a medical expert has submitted evidence that he did not injure or damage the plaintiff as a direct and proximate result of the operation and he was authorized by the

medical consent form to perform the hemorrhoidectomy in addition to the fistula operation. The plaintiff is bound by his written consent. See *Watson v. Worthy,* 151 Ga. App. 131 (1) (259 SE2d 138); *Winfrey v. Citizens & Southern Nat. Bank,* 149 Ga. App. 488, 489 (254 SE2d 725). Since no expert medical opinion was offered by the plaintiff in opposition to the motion for summary judgment with reference to his claimed damages or that the hemorrhoidectomy was unnecessary as he contends, the defendant doctor was entitled to summary judgment. See in this connection *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45); *Parker v. Knight,* 245 Ga. 782, 783 (4) (267 SE2d 222); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211). Further, where the patient consents there can be no actionable tort of assault and battery. See Code § 105-1803; *Mims v. Boland,* 110 Ga. App. 477 (138 SE2d 902). The plaintiff simply has not controverted the medical expert's opinion that the hemorrhoidectomy was a "therapeutically necessary procedure."

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 21, 1982.

*J. Kenneth Royal,* for appellant.
*Terry A. Dillard,* for appellee.