## 64758. HOLBROOK v. SCHATTEN.

SHULMAN, Chief Judge.

This appeal is from the trial court's award of summary judgment to appellee/physician in an action for battery based upon appellee's alleged failure to obtain effective consent from appellant prior to performing surgery to correct a hollow in her chest that was the result of a right radical mastectomy. Appellant signed a consent form authorizing the surgery, and the record clearly establishes that

appellant understood the general course of her treatment. The gravamen of her complaint is based on the failure of appellee to inform her of certain risks associated with the surgery. A second surgical procedure was allegedly necessitated by complications that appellant contends were not explained to her prior to the chest surgery. She asserts that she would not have consented to the surgery had she been informed of the risk of those complications. We affirm the grant of summary judgment in favor of appellee.

Code Ann. § 88-2906 (OCGA § 31-9-6) provides in part: "A consent to medical and surgical treatment which discloses in general terms the treatment or course of treatment in connection with which it is given and which is duly evidenced in writing and signed by the patient or other person or persons authorized to consent pursuant to the terms hereof, shall be conclusively presumed to be a valid consent in the absence of fraudulent mispresentations of material facts in obtaining the same." " 'In *Young v. Yarn,* 136 Ga. App. 737 [222 SE2d 113], we derived from that statutory directive the following conclusion: "The legislature has defined the physician's duty of disclosure to his patient; the physician must inform the patient of the general terms of treatment in order to effect a valid consent. In that we have decided that this duty does not include a disclosure of 'risks of treatment,' appellant cannot sustain an action alleging that defendant breached his duty in failing to warn of the risks of treatment or that her consent was thereby rendered invalid." ' [Cit.]" *Parr v. Palmyra Park Hosp.,* 139 Ga. App. 457, 458 (228 SE2d 596).

We need not decide whether the consent form executed by appellant contained sufficient language to describe the general course of treatment concerning the chest surgery, since the record clearly establishes that appellant knew and understood from her conversations with appellee the general course of treatment to be undertaken. Consequently, appellant may not maintain an action based on lack of consent to the surgical procedure employed. *Young v. Yarn,* supra.

Appellant has produced no evidence of fraud or misrepresentation that would take this case outside the scope of Code Ann. § 88-2906 or the holding in *Young.* The only "fraud" allegedly committed by appellee consisted of his alleged failure to disclose certain risks of treatment. However, appellee was under no duty to disclose the risks of treatment (*Young,* supra, p. 739), and his alleged failure to disclose the risks of treatment did not nullify appellant's consent to the operation. *Kenney v. Piedmont Hosp.,* 136 Ga. App. 660, 667 (222 SE2d 162). It necessarily follows that the failure to disclose the risks of treatment cannot constitute fraud so as to nullify an otherwise valid consent.

Appellant contends that Code Ann. § 88-2906 and the case authority cited above should not apply to the issue of lack of "consent generally" in a tort action for battery. No position could be more inaccurate. Code Ann. § 88-2906 and the cases interpreting it unequivocally establish that disclosure of the general course of treatment to the patient precludes *any* action based on lack of consent to the treatment undertaken. Any other position would render meaningless the express effect of § 88-2906 ("shall be conclusively presumed to be a valid consent"). See *Hutcheson v. McGoogan,* 162 Ga. App. 657, 659 (292 SE2d 527).

For the foregoing reasons, the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983 —
REHEARING DENIED JANUARY 27, 1983.

*Robert J. White,* for appellant.
*Robert G. Tanner,* for appellee.