## 68214. PADGETT v. FERRIER.
(323 SE2d 166)

BENHAM, Judge.

Appellant brought this medical malpractice action against Dr. Ferrier based on allegations that he failed to inform her of possible complications of certain treatment, complications which did occur. This appeal is from the grant of summary judgment to appellee.

1. Conceding that the doctrine of informed consent is not viable in Georgia as a basis of recovery in a medical malpractice action (*Young v. Yarn*, 136 Ga. App. 737 (1) (222 SE2d 113) (1975)), appellant asserts that the present case is different because appellee testified on deposition that it was his opinion that a doctor exercising proper medical care would inform a patient of possible complications attendant to the surgery he performed on appellant. However, just such an attempt was rebuffed in *Hyles v. Cockrill*, 169 Ga. App. 132 (1) (312 SE2d 124) (1983). There, an expert witness was asked whether "recognized standard medical and surgical care would require you to inform a patient about the possible complications . . ." This court, in approving the trial court's action in sustaining an objection to the question said, "It is clear that this question was an attempt to put before the jury the issue of the 'informed consent doctrine.' The informed consent doctrine is, however, not a viable principle of law in this state. [Cit.]" Id. We agree, therefore, with the trial court in this case that appellee's testimony did not raise any issue for jury determination.

2. Appellant's efforts to raise an issue of fraud are unavailing. She cites *Stephen W. Brown Radiology Assoc. v. Gowers*, 157 Ga. App. 770 (278 SE2d 653) (1981), and *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278 (306 SE2d 366) (1983), for the proposition that the doctor/patient relationship is one of confidence and trust and that in such a relationship, silence when one ought to speak is fraud.

However, those cases deal with statute of limitation issues, not with the duty to inform a patient of the dangers of treatment. Cases dealing with the issue properly before this court establish conclusively that a doctor who has informed a patient in general terms of the treatment or course of treatment has no further duty to disclose the risks of treatment. *Simpson v. Dickson*, 167 Ga. App. 344 (2) (306 SE2d 404) (1983).

3. The public policy grounds on which appellant relies have been addressed before and decided adversely to appellant. Id. In light of the cases conclusively negativing appellant's right to recover under the theory underlying her complaint, other enumerations of error concerning the grant of summary judgment need not be addressed.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED OCTOBER 10, 1984 ▮▮▮▮▮▮▮▮▮

*William Q. Bird, Gary R. Smith*, for appellant.
*Robert H. Cleveland, Y. Kevin Williams*, for appellee.
*Reagan W. Dean*, amicus curiae.