## 70296. VERRE v. ALLEN.
### (334 SE2d 350)

CARLEY, Judge.

Appellant-plaintiff appeals from the grant of summary judgment in favor of appellee-defendant. Appellee is a dentist specializing in oral surgery. In March of 1976, appellee extracted appellant's wisdom teeth. Following this surgery, appellant experienced numbness of the tongue, lip and mouth. Appellant reported this numbness to appellee during several post-operative visits. Appellee, however, did not undertake or recommend any treatment whatsoever for the numbness. According to appellant, when he reported the numbness, appellee's only response "was more or less that it might take a year, that [appellant] could get used to it and the feeling would gradually come back." Appellant's last visit to appellee was in October of 1976.

Appellant's numbness continued and, in October of 1981, he was diagnosed by another dentist as having sustained an injury to the nerves in his jaw as the result of the extraction of his wisdom teeth by appellee. The undisputed evidence of record is that such an injury to nerves of the jaw is a recognized and accepted risk of wisdom tooth surgery and can occur "regardless of the amount of care and skill exercised by the treating dentist or oral surgeon. . . ." However, there is also expert medical evidence that, at the time appellee extracted appellant's wisdom teeth, there existed a surgical procedure which, had it been performed within two or three months after the extractions, would have resulted in a return of a significant percentage of sensation to the numbed areas. Although appellee was aware of this procedure, he "did not advise [appellant] that there was a possibility that such procedures could be performed upon him . . . because, based upon [appellee's] training and experience, [his] best professional dental and medical judgment was that such procedures were not indicated for [appellant], given the symptoms . . . which he presented." According to appellee, in his entire treatment of appellant, he "exercised that degree of care and skill which was customarily and ordinarily employed by dentists and oral surgeons generally when confronted with the same signs and symptoms presented by [appellant]."

At one point in the instant litigation, appellant had alleged a claim for malpractice against appellee. However, appellant subsequently amended his complaint so as to delete all allegations of "malpractice" and, at the time appellee moved for summary judgment, the action was premised solely upon the theory that appellee's failure to

inform appellant of the availability of nerve repair surgery for numbness constituted fraud. The trial court conducted a hearing on appellee's motion for summary judgment and found that the failure to advise appellant of the existence of the surgical procedure to alleviate numbness did not "constitute actionable fraud. It might constitute malpractice, but [appellant] would have to show by expert testimony that in failing to so advise [appellant], [appellee] failed to exercise that degree of care and skill which was customarily and ordinarily employed by dentists and oral surgeons generally when confronted with the same signs and symptoms presented by [appellant.]" Since appellee's affidavit stated that his treatment of appellant, including the failure to advise of surgical procedures to relieve numbness, was in compliance with the standard established by OCGA § 51-1-27, and since appellant had failed to counter with expert evidence to the effect that the failure so to advise would constitute a deviation from the applicable standard of care and skill, the trial court granted appellee's motion. It is from this order that appellant appeals.

"In cases involving a relation of trust and confidence, such as a physician and patient, silence on the part of the physician when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. [Cit.]" *Leagan v. Levine*, 158 Ga. App. 293 (1) (279 SE2d 741) (1981). However, there is no contention that the numbness experienced by appellant results from negligent extractions, and the allegations of fraud by silence in the instant case do not relate to the tolling of the statute of limitation for bringing a malpractice action. Compare *Leagan v. Levine*, supra. Appellant attempts to characterize the cause of action which he seeks to assert as being strictly based in fraud as opposed to traditional medical negligence or any notion of the informed consent doctrine, which has judicially been declared to be nonexistent in Georgia. *Young v. Yarn*, 136 Ga. App. 737 (1) (222 SE2d 113) (1975). However, regardless of the semantics of appellant's averments and proof, it is clear that any duty to disclose, the breach of which would constitute an essential element of fraud by silence, would arise only as a result of the physician-patient relationship between appellee and appellant. Since the record reveals that there is no legally cognizable and probative evidence to rebut appellee's showing of his exercise of the requisite degree of care and skill prescribed by OCGA § 51-1-27 and his compliance with his duty set forth in OCGA § 31-9-6 (d) to disclose in general terms the treatment or course of treatment, this case is controlled by *Padgett v. Ferrier*, 172 Ga. App. 335 (2) (323 SE2d 166) (1984) and the trial court did not err in granting summary judgment in favor of the appellee.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Jerry B. Hatcher*, for appellant.
*Joseph W. Watkins*, for appellee.