A91A0230, A91A0231. JOHNSON v. SRIVASTAVA; and vice versa.
(405 SE2d 725)

POPE, Judge.

Plaintiff Bernadette F. Johnson brought this complaint against defendant Ramesh Srivastava, M.D., alleging professional negligence in his surgical treatment of certain skin lesions on plaintiff's hand and face. The complaint also contains a claim for battery because, plaintiff alleges, defendant performed an unauthorized procedure on her face. The trial court granted partial summary judgment to defendant on the professional negligence claim and we granted plaintiff's application for interlocutory appeal (Case No. A91A0230). The trial court denied defendant's motion for summary judgment on the battery claim and defendant filed a cross-appeal (Case No. A91A0231).

### Case No. A91A0230

1. In support of his motion for summary judgment defendant filed his own affidavit asserting his medical treatment of plaintiff complied with the appropriate standard of the medical profession. In opposition to defendant's motion plaintiff filed the affidavit of an expert witness asserting that defendant's treatment deviated from the

appropriate standard of care in certain particulars. The affiant stated that his opinions were based on a review of the complaint, plaintiff's affidavit, certain medical records, correspondence between the parties and photographs of plaintiff. Although copies of the medical records and photographs were attached to the affidavit, they were not certified or sworn and were not a part of the record in the case. The trial court granted summary judgment on the professional negligence claim on the ground that plaintiff's expert's affidavit was insufficient to create a genuine issue of fact.

OCGA § 9-11-56 (e) requires sworn or certified copies of all documents referred to in an affidavit to be attached to the affidavit. An expert affidavit is insufficient to oppose a motion for summary judgment if the documents on which the affiant relies in forming his opinions are not certified or sworn, even if unsworn copies are attached to the affidavit. *Crawford v. Phillips*, 173 Ga. App. 517 (1) (326 SE2d 593) (1985); see also *Bush v. Legum*, 176 Ga. App. 395 (1) (336 SE2d 284) (1985).

Relying upon *Jones v. Rodzewicz*, 165 Ga. App. 635 (3 & 4) (302 SE2d 402) (1983), plaintiff argues that because the affidavit relied in part upon her own affidavit, which was sworn and in the record, the affidavit is sufficient. In *Jones*, the affidavit in opposition to defendant doctor's motion for summary judgment was based not only upon medical records which were not part of the record of the case but also upon the defendant's own affidavit, which set forth plaintiff's symptoms and the evaluative procedures, diagnosis, treatment and medication prescribed by the defendant as well as plaintiff's course of recovery. Because the evidence opposing a motion for summary judgment must be treated with indulgence and because the defendant's affidavit alone may have provided a sufficient basis for the opinion of plaintiff's expert witness, this court held the expert witness' affidavit was sufficient to create a factual issue and thus defeat the motion for summary judgment. In the instant case, however, the only evidence of record relied upon by plaintiff's expert is the complaint and plaintiff's own affidavit. Of course, the allegations of the complaint are not admissible as evidence. A review of plaintiff's affidavit shows it does not contain sufficient facts on which the expert, relying on the affidavit alone, could base his opinions. Thus, the trial court did not err in concluding that the expert's affidavit was insufficient. Even in *Jones*, this court noted that if the affidavit had been based on facts not in the record then it would have had no probative value in opposition to the motion for summary judgment.

## Case No. A91A0231

2. Plaintiff's claim for battery is based upon her allegation that

defendant performed a procedure on her face to which she did not consent. Defendant argues he is entitled to summary judgment on the battery claim because the plaintiff signed a consent form authorizing him to perform an "excision biopsy" on the lesion on her face. According to plaintiff, however, defendant did not perform the excision *biopsy* to which she consented but, instead, unnecessarily excised a mass from her face without first performing a biopsy to determine whether the lesion was malignant. The trial court denied the motion on the ground that the evidence presents a factual dispute as to the meaning and scope of the term "excision biopsy."

Defendant admitted at the hearing on his motion that the evidence concerning the meaning of the term "excision biopsy" is in dispute. Nevertheless, defendant argues that pursuant to the statute governing consent to treatment at the time this surgery was performed, OCGA § 31-9-6 (d), all that was required is that the procedure be described in "general terms" and because plaintiff consented to surgical treatment of the lesion on her face she thereby consented to the procedure defendant actually performed. According to defendant, a patient's consent to a general course of treatment precludes an action for battery for the treatment actually undertaken. However, those cases cited by defendant are distinguishable from the case at hand. In *Holbrook v. Schatten*, 165 Ga. App. 217 (299 SE2d 128) (1983), and *Butler v. Brown*, 162 Ga. App. 376 (290 SE2d 293) (1982), the issue was not whether the plaintiff consented to the treatment undertaken by the defendant but whether the plaintiff had been properly informed of the risks of the treatment. In this case it is not undisclosed risks which form the basis for plaintiff's claim but an alleged undisclosed procedure to which the plaintiff claims she expressly withheld consent for fear of scarring. The facts of this case are also distinguishable from those cases in which the language of the consent form expressly authorized the surgeon to perform procedures not listed on the form but which the surgeon considered advisable during the course of the surgery. See *Hutcheson v. McGoogan*, 162 Ga. App. 657 (292 SE2d 527) (1982); *Cole v. Jordan*, 161 Ga. App. 409 (3) (288 SE2d 260) (1982); *Winfrey v. Citizens &c. Nat. Bank*, 149 Ga. App. 488 (254 SE2d 725) (1979). Here, by contrast, the consent form authorized defendant to perform procedures in addition to those listed "if any unforeseen condition arises in the course of the operation. . . ." It is undisputed that no unforeseen conditions arose during the surgery. In fact, tests ordered after the tissue was excised showed it was not malignant. We disagree that, pursuant to the terms of the consent form at issue in this case, plaintiff's consent to an "excision biopsy" of a lesion on her face granted the defendant general authority for any other surgical treatment of the lesion.

The issue in dispute in this case is whether the language of the

consent form authorized defendant to perform only a limited excision for purposes of biopsy or the complete excision of the tissue in question. We cannot say as a matter of law that "the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." *McCray v. Hunter*, 157 Ga. App. 509, 512 (277 SE2d 795) (1981). Thus, the denial of summary judgment is affirmed.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 23, 1991 —
REHEARING DENIED MAY 15, 1991.

*Downing, McAleer & Gaskin, Mark H. Johnson*, for appellant.
*Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, Lesley A. Troope, Richard L. Brittain, Andrew J. Hill III*, for appellee.